CLINTON C. PALMER, In Equity
*vs.*
FRANCIS PALMER, et al.

THE NORTHWESTERN INVESTMENT COMPANY, In Equity
*vs.*
FRANCIS PALMER, et al.

York.    Opinion July 13, 1914.

*Advances.   Decree.   Distributive Share.   Equity.   Lien.   Residue.*
*Revised Statutes, Chap. 66, Sec. 65.   Will.*

1.   An action at law does not lie to recover a distributive share of an estate before the amount to be distributed has been ascertained in the Probate Court, and the same rule should prevail in equity, at least, in the absence of other and compelling reasons.

2.   The final account cannot be rendered, nor the decree of distribution made until the controverted claims are determined, and the proper tribunal for the determination of those claims is the Probate Court, which has full jurisdiction of the subject matter and of the parties.

On appeal.   Bill in each case dismissed without prejudice and with single bill of costs.

In the bill of Clinton C. Palmer, he seeks to establish a lien on the share of Bartlett Palmer in the residue of the estate of Elizabeth C.

Palmer, in the hands of the executors of her will, to secure payment of advances made by him to said Bartlett Palmer, and to collect from the executors the amount secured by said lien.

In the bill of The Northwestern Investment Company, it seeks to reach the balance of Clinton C. Palmer's share in the residue of the same estate in the hands of said executors.

Answers and replications were filed in each case. Upon hearing before the sitting Justice, decrees were entered dismissing both bills without prejudice and without costs; from which decrees, the defendants in each case appealed to the Law Court.

The cases are stated in the opinion.

*Clinton C. Palmer,* pro se, and as Attorney for The Northwestern Investment Company.

*Robert B. Seidel,* for Bartlett Palmer.

*Cleaves, Waterhouse & Emery, and James O. Bradbury,* for Francis Palmer, et al.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HANSON, PHILBROOK, JJ.

CORNISH, J. On appeal from the decision of the sitting Justice dismissing the bill in each case.

Clinton C. Palmer in his bill seeks to establish a lien on Bartlett Palmer's share in the residue of the estate of Elizabeth C. Palmer in the hands of the executors of her will, to secure payment of advances aggregating $175 made by him to said Bartlett, and to collect from the executors the amount secured by the lien.

The Northwestern Investment Company in its bill seeks to reach the balance of Clinton C. Palmer's share in the residue of the same estate remaining in the hands of the executors and to apply the same on account of a $1500 note of said Clinton taken by the Company, of which Clinton is Treasurer and which had a paid up capital of only $300, in payment of fifteen shares of its capital stock.

The defendants in each bill allege among other things that the estate is in process of settlement in the Probate Court of York County, that their second account has been filed and is still open for further hearing, that no order of distribution has been made, and that upon final settlement of said estate nothing will be found due to said Bartlett because of advances already made, and the amount, if any, due to said Clinton is uncertain.

From the allowance of the second account in the Probate Court an appeal was taken both by Clinton C. Palmer and the executors to the Supreme Court of Probate which modified to a slight extent the findings below.   The executors abided by the decree of the Supreme Court of Probate, but Clinton excepted to the allowance of seven items of credit and the case was heard in this Court on those exceptions.   Three of these exceptions were overruled, and four were sustained.   Clinton C. Palmer, Applt., 110 Maine, 441.   One of these four pertained to the "private account" of Francis Palmer, an executor, and in disallowing it as not being "particularly stated" as required by R. S., Chap. 66, Sec. 65, the Law Court said, "The statute is peremptory.   The claim if not properly stated cannot be saved by proof.   Upon the present statement the claim should be disallowed as a matter of law, and this exception must be sustained. Whether it ought to be disallowed without prejudice to the right to present it properly in a further account is a question which must be determined when the matter comes up for further hearing in the Supreme Court of Probate."   Clinton C. Palmer, Applt., supra, at p. 447-8.   Another exception related to the allowance of commissions of five per cent on $37,901.02, while the total amount with which the executors charged themselves in that second account was only $18,538.85.   The record failed to disclose how much was accounted for in the first account, or that the entire estate aggregated the $37,901.02 on which commissions were computed.   For this technical reason the exception was sustained, but the Law Court add: "The omission was doubtless inadvertent.   If we were permitted to supply the omission by the knowledge of the situation which we have gained in other litigation between these parties, we might do so.   But we have no right to do this.   We are limited to the record before us. We cannot go outside of it.   *Hunter* v. *Heath*, 76 Maine, 219, and many other cases.   We must leave the omission therefore to be supplied on a further hearing.   Reluctantly, therefore, we are compelled to say that the exception must be sustained."   Clinton C. Palmer, Applt., supra, at p. 448-9.

This decision was rendered on May 20, 1913, and on June 5, 1913, the executors filed a written motion for further hearing in the Supreme Court of Probate, as suggested in the opinion of the Law Court, upon the matters above referred to, and another motion was pending to

strike out from said second account an item of $2800 which the executors claim was improperly inserted.

The sitting Justice in his decree, in each case after making a finding of facts, held: "that until the matters mentioned in the three preceding findings are determined, the balance, if any, belonging to the estate of Elizabeth C. Palmer and in the hands of these executors as such cannot be determined." It was then ordered that each bill be dismissed without prejudice and without costs.

This decree should stand. The estate of Elizabeth C. Palmer remains unsettled. It is in process of such speedy settlement as continuous and protracted litigation will permit. The final account cannot be rendered nor the decree of distribution made until the controverted claims are determined, and the proper tribunal for the determination of those claims is the Probate Court which has full jurisdiction of the subject matter and of the parties. The Law Court in the opinion before cited has in effect so stated, and we merely reiterate it. An action at law does not lie to recover a distributive share of an estate before the amount to be distributed has been ascertained in the Probate Court. *Graffam* v. *Ray*, 91 Maine, 234. *Hawes* v. *Williams*, 92 Maine, 483-492. And the same rule should prevail in equity, at least in the absence of other and compelling reasons.

The decree of the sitting Justice in each case is affirmed, except in the matter of costs, which we think under all the circumstances the defendants are entitled to. The decree as modified should be in each case,—"Bill dismissed without prejudice and with a single bill of costs."

*So ordered.*