BRADFORD H. HUTCHINS

*vs.*

EDITH HYDE HUTCHINS, EXECUTRIX

OF ESTATE OF GUY H. HUTCHINS,

BRADFORD H. HUTCHINS,

EXECUTOR OF ESTATE OF NELLIE M. HUTCHINS

*vs.*

EDITH HYDE HUTCHINS,

EXECUTRIX OF ESTATE OF GUY H. HUTCHINS.

Androscoggin.    Opinion, March 5, 1945.

*Berman & Berman,* Lewiston, for the plaintiff.

*George C. & Donald W. Webber,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MUR-CHIE, CHAPMAN, JJ.

CHAPMAN, J. The court is presented with the rather novel situation of two actions, one at law and the other in equity, seeking the same end and brought by the same persons in different capacities, with judgment ordered for the plaintiff in each case. The two actions were heard together, a Justice of the Superior Court acting as referee in the suit at law and as sitting Justice in the equity suit. By agreement, the evidence presented applied to both cases. In the suit at law, the decision was that the plaintiff, in his personal capacity, was entitled to $4,564.38. In the equity suit, it was decreed that the defendant, in her said capacity, holds in trust for the benefit and use of the plaintiff a fund of $4,564.38 which she was ordered to pay over to the plaintiff and also to make accounting and pay to the plaintiff any increase of the fund that had accumulated while in her hands. The finding of the Referee was sustained in the Superior Court and exceptions were filed by the defendant. From the decree in equity, appeal was taken.

The litigation arises from the following facts. Albert. A. Hutchins died intestate. He left a widow, Nellie M. Hutchins,

and a son Guy H. Hutchins as his only heir. The son was appointed administrator of his father's estate. He filed an inventory showing both real estate and personal property. Nellie M. Hutchins filed a petition in the Probate Court for widow's allowance. No objection was made thereto and decree was entered granting an allowance of all the personal estate after the payment of debts, expenses of last sickness and expenses of administration. Subsequently a petition was filed by the widow asking that the decree be amended to the effect that the allowance should be one-half of the personal property after the payment of debts, expenses of last sickness and expenses of administration. This petition remained upon the files of the Probate Court without action thereon. The administrator, Guy H. Hutchins, filed his "First and Final Account" in which he accounted for the personal property scheduled in the inventory and increment while in his hands, and credited himself with sundry expenses and with the payment to himself and Nellie M. Hutchins of the balance in the proportion of two-thirds and one-third respectively. The account was allowed by the Judge of Probate. Voucher acknowledging receipt by Nellie M. Hutchins of one-third of the personal property of the estate was filed in support of the account. No order of distribution was made nor petition for the same filed.

Subsequently to the allowance of the account Nellie M. Hutchins died testate and, in accordance with her will, Bradford H. Hutchins, son of Guy H. Hutchins, qualified as executor. It is in this capacity that he appears as plaintiff in the bill in equity. He was also named in the will as residuary legatee and, as such, he brings the suit at law.

Subsequently to the death of Nellie M. Hutchins, Guy H. Hutchins died and Edith Hyde Hutchins qualified as executrix under his will and, in that capacity, is named as defendant in the two actions.

It is the contention of the plaintiff in both cases that an

agreement was made between Nellie M. Hutchins and Guy H. Hutchins, subsequently to the entry of decree of widow's allowance and previous to the filing of the account of Guy H. Hutchins as administrator, that they would divide equally the personal property of the estate after the payment of debts, expenses of last sickness and expenses of administration, and that the agreement was not kept by Guy H. Hutchins in that he paid her one-third only of the balance of the personal property. This agreement and the breach thereof is the foundation for the claim in both actions.

In the action at law the declaration is for money had and received with specifications setting forth the Probate proceedings hereinbefore referred to, and the claimed agreement between Guy H. Hutchins and Nellie M. Hutchins and breach thereof by Guy H. Hutchins, by reason of which it is claimed that the plaintiff is entitled as residuary legatee of the estate of Nellie M. Hutchins to recover from the executrix of the estate of Guy H. Hutchins that part of the money of the estate that Guy H. Hutchins failed to pay to Nellie M. Hutchins, namely,—the difference between one-third and one-half thereof and alleged to be the sum of $4,564.38. There is further specification of claim to recover the value of certain articles of personal property which it is claimed had belonged to Nellie M. Hutchins and retained by Guy H. Hutchins in his lifetime and, after his death, by the defendant. It will be noted that this claimed right to recover by the residuary legatee is not against the estate of which he is a beneficiary but upon an obligation in favor of that estate by the defendant's deceased.

It appears from the evidence that within the period provided by statute for a proof of claim against the estate of a deceased person "Proof of claim of Bradford H. Hutchins" was filed in the Probate Court. The claim as presented was not, in its terms, set forth in the record and it does not appear whether the claim was filed in behalf of Bradford H.

Hutchins personally or by him in his capacity as executor of the estate of Nellie M. Hutchins.

The Probate Court is a tribunal entrusted with the administration of estates of deceased persons within channels provided by legislative enactment. Its jurisdiction in this respect is exclusive and is limited to the authority so given. *Graffam* v. *Ray*, 91 Me., 234, 39A. 569; *Thompson, Appellant*, 116 Me., 473, 102 A. 303. It can distribute personal property only in accordance with the provisions of the legislative grant of authority, and this is so even though the beneficiaries agree otherwise. *Knowlton* v. *Johnson*, 46 Me., 489; *Grant* v. *Bodwell*, 78 Me., 460, 7A. 12.

It follows that while the parties, Guy H. Hutchins and Nellie M. Hutchins, could enter upon an agreement to divide monies which should come to them through distribution by the court, in such manner as they saw fit, they could not make an agreement that would affect the distribution of the estate by the court. They could make an agreement personally binding upon the parties but of no effect upon them in any other than their personal capacities.

If a valid agreement existed between Guy H. Hutchins and Nellie M. Hutchins, and Guy H. Hutchins breached the same, an action accrued to Nellie M. Hutchins; but, upon the death of the parties, the action survived to the executor of the estate of Nellie M. Hutchins and he alone could maintain the action against the estate of Guy H. Hutchins. *Palmer* v. *Palmer*, 112 Me., 156, 91 A. 284; *Lee* v. *Chase*, 58 Me., 432. In that case, Chief Justice Appleton said:

> "The legal representative of the estate is the proper party to any litigation, when the assets of the estate are to be recovered for its benefit. . . . The administrator represents all those rights and unites in himself all those interests. Upon him alone the law devolves the duty of their protection and enforcement.

He only can give a valid discharge. His bond to the judge of probate is the security afforded by law to all interested in the estate, and if he fails in his duty, those aggrieved must seek their remedy upon it."

To the same effect is *Wright* v. *Holmes,* 100 Me., 508, 510, 62 A. 507, 3 L. R. A. N. S. 769, 4 Ann. Cas. 583. This is recognized as the settled law of this jurisdiction. *Wilson's Probate Law,* page 146.

Irrespective of the fact that the amount claimed may eventually come to him, the residuary legatee is not entitled to the same until it has been administered upon as the property of the estate of which he is a beneficiary, and a decree of distribution has been issued. *Bean* v. *Bumpus,* 22 Me., 549; *Caleb* v. *Hearn,* 72 Me., 231; *Palmer* v. *Palmer,* supra; *Wright* v. *Holmes,* supra; *Leighton's Probate Law and Practice,* section 459.

This procedure insures proper distribution of the assets of the estate and it is not to the disadvantage of the legatee. The personal representative may be compelled by the Probate Court to bring suit. *Peacock* v. *Ambrose,* 121 Me., 297, 302, 116 A. 832, 21 *Am. Jur. Executors and Administrators,* section 222, and notwithstanding a settlement of all matters pertaining to the estate, if there comes to the attention of the personal representative a disclosure of collectible claims in favor of the estate it is his right and duty to make collection thereof. *Robinson* v. *Ring,* 72 Me., 140, 39 Am. Rep. 308; *Stetson* v. *Caverly,* 133 Me., 217, 175 A. 473. If there be a vacancy in the office of personal representative, the Probate Court will appoint an administrator de bonis non for the collection of uncollected assets.

To the claim for the value of goods alleged to belong to Nellie M. Hutchins in her lifetime, in the hands of Guy H. Hutchins, the same objection exists. These articles were not specifically bequeathed and, as the property of the deceased,

became a part of the estate of Nellie M. Hutchins and vested in the executor thereof. 33 *Corpus Juris Secundum, Executors and Administrators,* section 299; *Carter* v. *National Bank of Lewiston,* 71 Me., 448, 36 Am. Rep. 338. It was within his province to enforce his right to possession by appropriate action. *Hathorne* v. *Eaton,* 70 Me., 219. The residuary legatee had no right of action for their value. *Caleb* v. *Hearn,* supra.

The Referee found that the plaintiff, in his personal capacity, was entitled to maintain the suit. Exception to this finding was well taken.

The bill in equity declares against the defendant in her capacity as executrix of the estate of Guy H. Hutchins and in behalf of the plaintiff in his capacity as executor of the estate of Nellie M. Hutchins. In determining their respective rights and obligations, they must be considered in their said capacities. The bill sets forth probate proceedings as hereinbefore described and alleges an agreement between Guy H. Hutchins and Nellie M. Hutchins in the following language:

"That the said Nellie M. Hutchins and the said Guy H. Hutchins then and there, notwithstanding said Widow's Allowance, agreed that they would divide the personal estate of the said Albert A. Hutchins equally between them so that each would receive one-half thereof instead of the said Nellie M. Hutchins receiving the whole."

There follows the allegation that Guy H. Hutchins breached the agreement in that he failed to pay the sum of $4,564.38 of the amount that he had agreed to pay, that this sum of money was of the property of the estate of Albert A. Hutchins for the benefit of Nellie M. Hutchins, and that the sum which he failed to pay, upon his death, became a part of his estate and came into the possession of the defendant

as his executrix. In addition, there are allegations that there existed a relationship of trust and confidence between Guy H. Hutchins and his mother, Nellie M. Hutchins, and that it was a violation of this relationship for Guy H. Hutchins not to pay the money to her as he had agreed. Further, that the amount of $4,564.38 was a fund in the hands of Guy H. Hutchins in his lifetime and, upon his death, in the hands of his executrix was impressed for the fulfillment of the alleged agreement. Also it is alleged that certain articles of personal property that belonged to Nellie M. Hutchins were in the hands of the defendant and wrongfully withheld from the plaintiff.

As to the allegation of breach of the relationship of trust and confidence, equity will protect against a wrong accomplished through abuse of such relationship. *Gerrish* v. *Chambers*, 135 Me., 70, 189 A. 187. But, in the instant case, there is nothing to indicate that the failure to pay on the part of Guy H. Hutchins as he had agreed originated in or had any connection with any relationship of trust and confidence. There was no money in the hands of Guy H. Hutchins that had come into his possession by reason of such relationship, there was nothing to indicate that Nellie M. Hutchins was led into believing that payment had been made, there was no indication that Nellie M. Hutchins granted permission for such withholding and as far as anything appears in the case it was no different from any ordinary case of breach of an agreement to pay money for which a plain, adequate and complete remedy at law exists. No reason for equity to take jurisdiction is disclosed in this respect.

As to the allegation that the sum of $4,564.38 was impressed with a trust for fulfillment of the alleged agreement, what has been heretofore said as to this alleged agreement is here applicable. Inasmuch as Guy H. Hutchins, in his capacity as administrator, had no authority to make a valid agreement as to the distribution of the estate, the funds of

the estate could not be impressed with any trust in this respect and, as funds of the estate, they certainly could not be impressed with a trust to carry out his personal agreement. *Boynton* v. *Payrow*, 67 Me., 587.

The parties as individuals could make an agreement for the division of money after it had been received through a legal distribution by the Probate Court; but failure of an agreement to pay money received from a particular source is not reason for equity to impose a lien or trust upon money so received by the promisor. *Russ* v. *Wilson*, 22 Me., 207; *Crooker* v. *Rogers*, 58 Me., 339; *McKey* v. *Paradise*, 299 U. S., 119, 81 L. Ed., 75, 57 S. Ct. 124.

Such allegation must fail for the additional reason that there is no identity of a fund to be impressed. No particular fund is charged with the trust and there is no allegation or testimony to the effect that this money can be traced or distinguished from other money of the defendant's testator. The monies that came into her hands were all subject to the general charges upon the estate. *Hodge* v. *Hodge*, 90 Me., 505, 512, 38 A. 535, 40 L. R. A. 33, 60 Am. St. Rep. 285; *Goodell* v. *Buck*, 67 Me., 514; *Steamboat Company* v. *Locke*, 73 Me., 370; *National City Bank* v. *Hotchkiss*, 231 U. S., 50, 34 S. Ct. 21, 58 L. Ed. 115. In the latter case, Judge Holmes said:

"A trust cannot be established, in an aliquot share of a man's whole property, as distinguished from a particular fund, by showing that trust monies had gone into it."

The allegation relating to the possession of articles of the personal property belonging to Nellie M. Hutchins in the hands of the defendant cannot be maintained for two reasons: 1, because if the defendant wrongfully retains possession of property belonging to Nellie M. Hutchins in her life-

time, she is liable personally and not as executrix; 2, because, in any event, the plaintiff under such allegation has a plain, adequate and complete remedy at law and has no remedy in equity. *Caleb* v. *Hearn,* supra.

The fact that the question of equity jurisdiction was not raised by the defendant does not confer such jurisdiction when the absence of the same is apparent. *York* v. *McCausland,* 130 Me., 245, 154 A. 780.

The entry as to the action at law must be

> *Exceptions sustained.*

The entry as to the bill in equity must be

> *Appeal sustained.*
> *Case remanded to the lower court for dismissal of bill.*