In re BAMBERGER'S ESTATE.
VAN COTT et al. v. STATE TAX COMMISSION.

No. 6990. Decided March 3, 1947. (177 P. 2d 909.)

. See 61 C. J., Taxation, sec. 2599; 28 Am. Jur. 125. Deduction of federal estate tax before computing state tax, notes, 7 A. L. R. 714; 16 A. L. R. 702; 23 A. L. R. 849; 31 A. L. R. 992; 44 A. L. R. 1461.

*S. N. Cornwall* and *Grant H. Bagley,* both of Salt Lake City, for appellants.

*David S. King* and *Grant A. Brown,* both of Salt Lake City, for respondent.

WOLFE, Justice.

Appeal from a judgment disallowing the deduction of sums paid as federal estate tax and Canadian succession duty in computing the net estate for the purposes of the Utah inheritance tax.

In the course of the administration of the estate of John E. Bamberger, the executor and the administrator with the will annexed, hereinafter called the Executors, paid the sum of $122,747.91 as federal estate tax for property which is subject to the Utah inheritance tax.

The sum of $428.09 was paid to the Dominion of Canada as succession duty on stock owned in a Canadian company.

In the Utah inheritance tax return the Executors claimed as deductions the sum paid as federal estate tax and Canadian succession duties. Upon the objection of the Utah Tax Commission to both deductions the issue of their allowance was tried before the district court which found that neither the amount paid for federal estate tax nor that paid as Canadian succession duties was deductible in determining the net estate for Utah inheritance tax purposes. The Executors appeal.

There is no doubt that the legislature has power to exact estate and inheritance taxes. It has full authority to make the measure of those taxes either include or exclude comparable taxes paid other sovereigns. It is repugnant to the ordinary American's feeling of fairness to exact a tax on a tax; that is, to include within the measure of the state inheritance tax sums which must be or have been paid to the Federal government or some other sovereign as taxes and which do not pass to the heirs or devisees. One court has characterized inclusion of sums paid as federal estate taxes in the measure of state inheritance tax as

"Such a result would be unjust and highly inequitable and shocking to one's sense of reason and justice." *In re Knight's Estate*, 261 Pa. 537, 104 A. 765.

Courts tend to construe inheritance tax statutes as excluding other taxes from the measure of the tax there imposed. As said by Chief Justice Holmes when on the Supreme Court of Massachusetts,

"State inheritance tax laws are apt to aim at seizing all that they can get without regard to consistency of principle, but, when it is

possible to interpret them to mean what is just, we must do so." *Hooper et al.* v. *Shaw*, 176 Mass. 190, 57 N. E. 361, 362.

Though the inclusion of federal estate taxes within the measure of state inheritance taxes is viewed as unfair, yet, the matter is clearly within the province of the legislature and whether or not such sums are included or excluded is for the legislature. See *State Tax Commission* v. *Backman*, 88 Utah 424, 55 P. 2d 171.

In the *Backman case*, supra, we reviewed the legislative history of the Utah inheritance tax statute and held that after the code revision of 1933 it was an estate tax as distinguished from an inheritance tax. That is, after the revision it was a tax imposed on the right to transmit property by will or the laws of succession as distinguished from a tax on the right to receive property under a will or under the laws of succession.

All concerned in this action agree that the state "inheritance" tax attaches to the decedent's whole estate minus the specific deductions allowed by the inheritance tax statute and not to each part of the estate as it is distributed to the heirs or devisees.

The very narrow question in this case then is: Are federal estate taxes and Canadian succession duties included in the deductions to the gross estate allowable in the determination of the net estate for the purposes of the Utah "inheritance" tax?

Before 1943 the pertinent parts of the code sections which define the deductions allowable in computing the "net estate" for state inheritance tax purposes read as follows:

Section 80-12-7, U. C. A. 1943.

"In determining the amount of tax to be paid the debts of the estate shall first be deducted, and the remainder shall be the net estate."

Section 80-12-8, U. C. A. 1943.

"The term 'debts' as used in the next preceding section shall include in addition to debts owing by the decedent in this state at the time of his death, all general and special taxes due in this state prior to his death, a reasonable sum for funeral expenses, including tombstone expenses not to exceed $200 when the same has been erected

in this state prior to the settlement of the estate, the court costs, the statutory commission of executors in this state, and no other sum; * * *"

In its 1941-1942 report to the legislature, the Tax Commission, which is the agency charged with the administration of the inheritance tax, reported and recommended the following:

"Section 80-12-8 defines deductions permitted to be made from the gross estate in determining the net or taxable estate. The law would be materially improved from an administrative standpoint if specific mention were made of certain classes of claims. It would seem proper that allowances made to the family for living expenses during the progress of an estate through probate should not be included among the deductions permitted. On the other hand reasonable fees of attorneys representing the estate should be allowed. In fact, it would appear to be good business, as well as just and proper, if all expenses, legal or otherwise, incidental to the preservation of the assets of the estate, be allowed as deductions." (Sixth Biennial Report of the State Tax Commission of Utah, page 86.)

The next legislature following the submission of that report amended Section 80-12-8, Laws of Utah 1943, Chapter 88. That amendment redefined "debts" by substituting for the phrase "court costs" the phrase "the costs and expenses of administration, including attorney's fees."

Both parties agree that under the law in effect before the 1943 amendment, federal estate taxes and Canadian succession duties were not deducible in the determination of the net estate for the purposes of the Utah inheritance tax. The executors contend that those charges against the estate are now deductible because they are included in the phrase "the costs and expenses of administration" in the section as amended.

It is very probable that the 1943 amendment was passed in response to the recommendations of the Tax Commission contained in its 1941-42 report. The commission limited its recommendation to "all expenses, legal or otherwise, incidental to the preservation of the assets of the estate."

To determine what the "costs and expenses of administration" are we must know what "administration" is.

According to a Federal Circuit Court of Appeals:

" 'The term "administration," [involving the general administration of an estate], is of comprehensive meaning. It includes more than the mere collection of the assets, the payment of debts and legacies, and distribution to the next of kin. It involves all which may be done rightfully in the preservation of the assets, and all which may be done legally by the administrator in his dealings with creditors, distributees or legatees, or which may be done by them in securing their rights; and it includes all which may be done, and rightfully done, in relation to adverse claims to assets, which have come to the possession of the administrator as the property of the testator or intestate'." *Underground Electric Rys. Co. of London* v. *Owsley*, 2 Cir., 176 F. 26, 30, quoting and adopting *Martin* v. *Ellerbe's Adm'r.*, 70 Ala. 326. 2 Words and Phrases, Perm. Ed., page 433.

The "costs and expenses" of the "collection of the assets, the payment of debts and legacies, and distribution to the next of kin" and of doing "all which may be done rightfully in the preservation of" the estate do not include the sums paid as debts or as legacies or sums paid to distributees. The phrase "costs and expenses of administration" refers to the incidental expenses of paying the debts—not the amount of the debts themselves, to the incidental expenses of putting into the hands of the heirs and legatees their portion of the estate—not the amount of the sums thus delivered.

The federal estate tax is a charge against the estate created by statute. That charge must be removed from the estate during the process of administration before distribution can be made. The prompt and accurate payment of that tax "preserves" the estate because if the required tax was not promptly paid, interest and penalties would decrease the remainder of the estate. Therefore, the expenses and costs incident to the prompt and accurate payment of the tax are "costs and expenses of administration." But the amount of the tax itself is not included in that phrase. The expenses of removing the charge of federal estate taxes as distinguished from the amount of the tax itself would be included within the phrase "costs and expenses of administration."

Another fact which supports the conclusion that federal estate taxes were not intended by the legislature to be included in the deductions of "costs and expenses of administration" is that one deduction allowed specifically deals with taxes; that is, the legislature expressly provided that "all general and special taxes due in this state prior to his [the decedent's] death" are deductible. The fact that the legislature specifically mentioned some taxes which were deductible and that federal estate taxes were not so mentioned gives weight to the argument that the legislature did not intend federal estate taxes to be deductible.

It appears from the record and counsels' briefs that the Canadian succession duty is a tax upon the succession of property comparable with the federal estate tax. Therefore, what we have said in reference to the federal estate tax also applies to the Canadian succession duty.

Sums paid as federal estate taxes and Canadian succession duties are not included within the deductions allowable in the determination of "net estate" for the purposes of the Utah inheritance tax.

Judgment affirmed. The parties to bear their own costs.

McDONOUGH, C. J., and PRATT, WADE, and LATIMER, JJ., concur.