In the Matter of the ESTATE OF Gus G. MUSSELMAN, Deceased.

Cora Marie LUSENHOP, Conservatrix with endorsement of powers of Personal Representative for the Estate of Gus Gillespie Musselman, Conservatrix–Appellant,

v.

ESTATE OF Alice O. MUSSELMAN, and Pueblo County Department of Social Services as Conservator for the Estate of Alice O. Musselman, Objectors–Appellees.

No. 88CA1396.

Colorado Court of Appeals, Div. I.

Nov. 16, 1989.

David E. Ware, Pueblo, for conservatrix-appellant.

William J. Ballas, Pueblo, for objectors-appellees.

Opinion by Judge METZGER.

Cora Marie Lusenhop (claimant) appeals the judgment which denied, as untimely, her claim for services rendered as conservatrix for the estate of Gus Gillespie Musselman, decedent. We affirm.

Asserting that her "request for reimbursement for expenses and services" constituted, in essence, an expense of administration of the conservatorship estate, rather than a claim against the probate estate, claimant contends that the trial court erred in denying her request as untimely under the terms of the probate non-claim statute, § 15–12–803, C.R.S. (1986 Repl.Vol. 6B). We disagree for two reasons.

First, we note that the Colorado Probate Code definition of "claim" refutes claimant's characterization of her request. "Claims, in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, *including ... expenses of administration.*" Section 15–10–201(6), C.R.S. (1986 Repl.Vol. 6B).

Accordingly, whether one characterizes claimant's request as a creditor's claim or as an expense of administration, the result is the same. Claimant's request constituted a claim as a matter of law.

Second, we conclude that the trial court correctly characterized the "estate"

as a decedent's estate and not, as claimant urges, a conservatorship estate. Section 15–14–425(9)(c), C.R.S. (1987 Repl.Vol. 6B) (since repealed), authorized a conservator, after forty days from the death of the protected person, to apply to exercise the powers and duties of a personal representative "so that he may proceed to administer and distribute the decedent's estate without additional or further appointment." The statute further provided: "The making and entry of an order under this section shall have the effect of an order of appointment of a personal representative as provided in section 15–12–308 and parts 6 to 10 of article 12 of this title...." Section 15–12–803, C.R.S. (1987 Repl.Vol. 6B), as applicable to the facts of this case, requires that all claims against a decedent's estate which arose before the death of decedent be presented within one year after decedent's death, or they are barred.

This language contemplates that the estate of a protected person who has died is to be administered as a decedent's estate. And, such procedure furthers the purpose of the Colorado Probate Code to simplify and clarify the law concerning the affairs of decedents and protected persons. *See* § 15–10–102, C.R.S. (1987 Repl.Vol. 6B).

The time limitation for presenting a claim is jurisdictional. *In re Estate of Daigle*, 634 P.2d 71 (Colo.1981); *In re Estate of Randall v. Colorado State Hospital*, 166 Colo. 1, 441 P.2d 153 (1968). As these cases explain, such a rule is necessary to promote the Colorado Probate Code's purpose of the speedy and efficient settling of estates. Consequently, in order to preserve the finality of distributions of the estate, § 15–12–803, C.R.S. (1987 Repl.Vol. 6B) creates a jurisdictional bar to untimely claims. *See Strong Bros. Enterprises, Inc. v. Estate of Strong*, 666 P.2d 1109 (Colo.App.1983).

Claimant presented her claim in March 1988, more than three years after decedent's death. We agree with the trial court that this claim was jurisdictionally barred and conclude that the order of disallowance was proper.

Judgment affirmed.

PIERCE and JONES, JJ., concur.