**ESTATE OF Edith G. STAPLES.**

Supreme Judicial Court of Maine.

Argued Feb. 6, 1996.
Decided March 12, 1996.

Justin W. Leary (orally), Laskoff & Sharon, Lewiston, for Appellant.

David N. Ott (orally), Erwin, Ott, Clark & Campbell, York, for Appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Priscilla Staples, daughter of Edith G. Staples, appeals from the order of the York County Probate Court (*Brooks, J.*) directing the payment of $20,000 to her brother Bruce

Staples as an "expense of sale" in recognition of Bruce's maintenance of their decedent mother's home. We conclude that the Probate Court erred as a matter of law in awarding Bruce any amount based on his time-barred claim. Accordingly, we vacate that portion of the order awarding $20,000 to Bruce Staples and remand to the Probate Court for further proceedings consistent with this opinion.

Edith G. Staples died intestate February 12, 1984, survived by four children—Priscilla C. Staples, Reginald Staples, Bruce Staples, and Lura Bumpus—as her sole heirs at law. Edith's home is the sole asset of her estate. From the time of her death, despite entreaties by Edith's personal representative that he relinquish possession of Edith's home, Bruce exercised exclusive control over the decedent's home, collected rent from the lease of the property, and bore the cost of maintaining the property.

After the appointment of the personal representative, Bruce filed a claim against his mother's estate in the amount of $68,000 for reimbursement of monies he expended in renovating and maintaining Edith's home prior to her death. The personal representative disallowed the claim and sent notice of disallowance to Bruce. Despite this notice, Bruce neither filed a petition for allowance with the Probate Court nor commenced a proceeding against the personal representative to preserve his claim.

The personal representative, in a petition for an order of distribution, asked that the court order Bruce to relinquish control of Edith's home, that the home be sold, and that Bruce, due to his "unconscionable" behavior in refusing to turn over or account for the property, be denied his intestate share of the estate. Neither party requested that the hearing on the petition for distribution be

recorded. After what it described as a "long and arduous hearing," the Probate Court concluded that Bruce had not established a claim for reimbursement against the estate. The court, however, allowed Bruce $20,000 out of the sale of the home, ordering that this amount be considered "an expense of the sale of the property."

On entry of this order, Priscilla moved pursuant to M.R.Prob.P. 52 for further findings of fact and to amend findings of fact. The Probate Court denied Priscilla's motions and this appeal followed.

## I.

In 1989, when Bruce submitted his claim against his mother's estate, Maine's nonclaim statute provided in pertinent part:

(a) All claims against a decedent's estate which arose before the death of the decedent . . . are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) Within 4 months after the date of the first publication of notice to creditors if notice is given in compliance with section 3–801; provided, claims barred by the non-claim statute at the decedent's domicile before the first publication for claims in this State are also barred in this State.

(2) Within three years after decedent's death, if notice to creditors has not been published.

18–A M.R.S.A. § 3–803 (1981) *amended by* P.L.1989, ch. 661 § 3 (effective July 14, 1990).[1]

Claims against a decedent's estate may be presented as follows:

(1) The claimant may deliver or mail to the personal representative a written state-

---

1. Public Law 1989c c. 661 § 3 (effective July 14, 1990), repealed and replaced portions of § 3–803(a). Section 3–803(a) now provides in pertinent part:

 All claims against a decedent's estate which arose before the death of the decedent . . . are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following:

 (1) The time provided by section 3–801, subsection (b) for creditors who are given actual notice, and the time provided in section 3–801, subsection (a) for all creditors barred by publication; or
 (2) Nine months of the decedent's death.
 18–A M.R.S.A. § 3–803 (Supp.1995).

ment of the claim, indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court. . . .

. . . . .

(3) If a claim is presented under paragraph (1), no proceeding thereon may be commenced more than 60 days after the personal representative has mailed a notice of disallowance . . .

18–A M.R.S.A. § 3–804 (1981).

(a) As to claims presented in the manner described in section 3–804 within the time limit prescribed in section 3–803, the personal representative may furnish a notice to any claimant stating that the claim has been disallowed. . . . Every claim which is disallowed in whole or in part by the personal representative is *barred* so far as not allowed unless the claimant files a petition for allowance *with the court or commences* a proceeding against the personal representative *not later than 60 days* after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar.

. . . . .

18–A M.R.S.A. § 3–806 (1981) (emphasis added).

The statutory provisions are plain, unambiguous, and mandatory. Bruce Staples failed to comply with the filing and commencement provisions of § 3–806 after his claim was disallowed. One of the express purposes of the Maine Probate Code is "to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors." 18–A M.R.S.A. § 1–102(b)(3) (1981). Consistent with this policy consideration, Bruce's failure to commence an action within the time limits specified by the statute bars his claim for reimbursement. *See e.g., Matter of Estate of Stirling,* 537 N.W.2d 554, 558 (N.D.1995) (stating that creditor's failure to present a claim within the time limit leaves a probate court without authority to act); *Security Savings & Loan Ass'n. v. Estate of Kite,* 857 P.2d 430, 434 (Colo.Ct.App.1992) (stating that

failure to commence an action within time limits specified by the statute removes authority from the court to consider the claim).

 Nor is Bruce's claim saved by the *Probate Court's* identification of it as an expense of sale rather than a claim. The "expense of sale of estate property" is arguably an allowable expense of the administration of the estate, *See In re Estate of Cunard,* 1995 WL 301405 (Del.Ch.1995) (stating that "cost and expenses of administration" refers to the incidental expenses of putting into the hands of the heirs their portion of the estate) (quoting *In re Bamberger's Estate,* 111 Utah 301, 177 P.2d 909, 911 (1947)). The Maine Probate Code's definition of "claims," however, indicates that the court's description of its $20,000 award to Bruce as an "expense of sale" is of no consequence with respect to whether the court was statutorily authorized to award this amount. The Code states that

"Claims," in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of the conservator, including funeral expenses and *expenses of administration.*

18–A M.R.S.A. § 1–201(4) (1981) (emphasis added). Accordingly, whether one characterizes Bruce's request as a creditor's claim or as an expense of administration, the result is the same: Bruce's request constitutes a "claim" as a matter of law. *Cf. In re Matter of Estate of Musselman,* 784 P.2d 858, 859 (Colo.Ct.App.1989). Thus, the Probate Court's award of $20,000 to Bruce amounts to little more than a thinly veiled attempt to allow a barred creditor a portion of his barred claim. *See e.g., In re Estate of Cunard,* 1995 WL 301405 at 3 (costs and expenses of administration refers to incidental expenses of paying debts—not to the amount of the debts themselves). A Probate Court cannot authorize an administrator to pay a claim after the claim has been barred from payment pursuant to the statute. *See Hutchins v. Hutchins,* 41 A.2d 612, 614, 141 Me. 183, 188 (1945) (stating Probate Court's jurisdiction over distribution of estate assets

arises from legislative enactment and therefore Probate Court only may distribute assets in accordance with legislative grant of authority). Thus, Bruce's failure to comply with the Probate Code's provisions bars his claim for reimbursement from the estate. The Probate Court erred as a matter of law in awarding Bruce any monies based on his claim.

## II.

Priscilla next contends that the Probate Court erred in its determination that Bruce incurred no liability to the estate from his management of the property and that the court abused its discretion in refusing to make additional findings of fact with respect to this issue pursuant to M.R.Prob.P. 52.

■ M.R.Prob.P. 52 states, "Rule 52 of the Maine Rules of Civil Procedure governs procedures in all formal probate and civil proceedings in the Probate Courts, so far as applicable." M.R.Civ.P. 52(a) states in pertinent part:

> In all actions tried upon the facts without a jury or with an advisory jury, the Superior Court justice or, *if an electronic recording was made in the District Court,* the District Court judge, shall, upon request of a party made as a motion within 5 days after notice of the decision, or may upon its own motion, find the facts specially and state separately its conclusions of law. . . .

M.R.Civ.P. 52(a) (emphasis added). The language makes clear that a court is required to make findings of fact on motion of a party only when a record of the proceeding has been made.[2] In the present case, no record of the hearing on the personal representative's motion for order of distribution was made nor is there any indication that the appellant requested such a record. Because no record existed upon which the Probate Court could derive additional findings, the Probate Court did not abuse its discretion in denying Priscilla's motion for additional findings of fact.

■ Appellant's failure to furnish us with a record of the Probate Court proceedings that allows effective appellate review is fatal to her claim that the Probate Court erred with respect to its determination that Bruce had incurred no liability to the estate. The record on appeal consists of an agreed statement of the case pursuant to M.R.Prob.P. 74. The agreed statement of the case does not establish the amounts Bruce received in rental income, the amounts expended by Bruce in maintenance of the estate's property, nor the fair market rental value of the decedent's home. The agreed statement of the case merely establishes that Bruce received income, made expenditures and, according to him, that his expenditures exceeded his income. This recitation provides us with no basis for an effective review of the Probate Court's determination that Bruce incurred no liability to the estate. It is the appellant's burden to support her appeal with a "record sufficient in content to permit a fair consideration of the issues by the appellate court." *Emery v. Emery,* 476 A.2d 193, 196 (Me. 1984) (citations omitted). The appellant has not complied with this mandate and, accordingly, this portion of her appeal must fail.

The entry is:

Judgment of the Probate Court awarding Bruce Staples $20,000 vacated. Remanded to the Probate Court for further proceedings consistent with the opinion herein.

All concurring.

---

2. The advisory committee's note to the amendment of M.R.Civ.P. 52(a) states in pertinent part:

> Rule 52(a) is amended to restore a requirement inadvertently omitted in the 1987 consolidation of the Superior Court and District Court rules that there have been an electronic recording of proceedings in the District Court if findings of fact and conclusions of law are to be made. This difference in practice reflects the fact that in the Superior Court a court reporter is invariably present. Without a recording in the District Court, it would be very difficult for the judge to make findings, and even if findings were made absence of a transcript would greatly inhibit a successful appeal.

M.R.Civ.P. 52(a) advisory committee's note to 1989 amend., Me.Rptr., 551–562 A.2d XXXVI.