1999 ME 102

**Estate of Max L. LEAVITT.**

Supreme Judicial Court of Maine.

Argued June 9, 1999.

Decided June 30, 1999.

William N. Palmer (orally), Gray & Palmer, Bangor, for appellant.

Christopher J. Whalley (orally), Ellsworth, for cross-appellant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

WATHEN, C.J.

[¶ 1] The personal representative of the Estate of Max L. Leavitt (the Estate) appeals from a judgment entered in the Hancock County Probate Court (*Patterson, J.*) ordering the Estate to deliver a deed of distribution for certain real estate and fixtures. The court held that the decedent breached an enforceable contract to devise to Clayton Wadsworth the decedent's property known as the Bucksport Flower Shop. On appeal, the Estate contends, *inter alia*, that Wadsworth's claim is time-barred by the Probate Code. We agree and vacate the judgment.

[¶ 2] The underlying facts may be summarized as follows: Max Leavitt died intestate on October 3, 1997. The Probate Court subsequently appointed Dale Leavitt and Berley Leavitt, cousins of decedent, as personal representatives of his estate. On December 17, 1997, Clayton Wadsworth filed a claim against the Estate contending that he owned equitable title to the property of Leavitt known as the Bucksport Flower Shop because Leavitt had promised Wadsworth the shop during his thirty-two years of employment there and he had relied on that promise. On January 5, 1998, the personal representatives of the Estate filed a notice disallowing Wadsworth's claim, stating that such notice was mailed to Wadsworth on December 31, 1997.

[¶ 3] On January 6, 1998, the Estate filed a complaint in the Hancock County Probate Court against Wadsworth, alleging that Wadsworth had converted Estate property by operating the Bucksport

Flower Shop and withdrawing funds from various accounts associated with the Flower Shop following Leavitt's death. On June 15, 1998, Wadsworth filed a motion to enlarge the time within which to file his answer and counterclaim. The court granted the motion on June 23,[1] making the answer and the counterclaim timely filed under the Rules of Probate Procedure.[2] Wadsworth's counterclaim against the Estate alleged that the Estate had wrongfully converted the flower shop and its assets and that the personal representatives of the Estate had failed to properly manage the shop. The court ruled that Wadsworth's claim was not barred by the specific limitations in the Probate Code applying to creditors and ruled in favor of Wadsworth. The Estate appeals.

[¶ 4] The Estate contends that the Probate Code contains its own time restrictions that are not subject to enlargement by the court. *See Hutchins v. Hutchins,* 141 Me. 183, 188, 41 A.2d 612, 614 (1945) (stating that the Probate Court can "distribute personal property only in accordance with the provisions of the legislative grant of authority, and this is so even though the beneficiaries agree otherwise"); *see also Estate of Staples,* 672 A.2d 99, 101 (Me.1996) ("A Probate Court cannot authorize an administrator to pay a claim after the claim has been barred from payment pursuant to the statute."). The Probate Code limits the time within which a claim can be presented. *See* 18–A M.R.S.A. § 3–803 (1998). Wadsworth's claim, as a claim arising at decedent's death, was timely filed within nine months of Leavitt's death.[3]

[¶ 5] The Code, however, also limits the time within which a claimant can dispute the disallowance of a claim by an estate:

Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance or

---

1. Wadsworth's counsel stated in the motion for enlargement that he had signed the responsive pleadings on February 21, 1998, but through inadvertence or mistake had failed to file them until June 15, 1998.

2. M.R. Prob. P. 12(a) dictates the timing for defenses and objections to probate proceedings, M.R. Prob. R. 12(b) explains that M.R. Civ. P. 12 applies to civil proceedings in Probate Court. As civil proceedings in Probate Court, the complaint filed by the Estate and Wadsworth's answer and counterclaim are governed by the Rules of Civil Procedure. M.R. Civ. P. 12(a) dictates that a defendant shall serve an answer within twenty days after the service of the complaint. M.R. Civ. P. 6(b) allows the court to extend a specified time restriction after the expiration of the period where the failure to act was the result of excusable neglect.

3. Section 3–803 states in pertinent part:

(a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the State and any subdivision of the State, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earli-

er by another statute of limitations or nonclaim statute, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented within the earlier of the following:

(1) The time provided by section 3–801, subsection (b) for creditors who are given actual notice, and the time provided in section 3–801, subsection (a) for all creditors barred by publication; or

(2) Nine months of the decedent's death.

. . . .

(b) All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the State and any subdivision of the State, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(1) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due; or

(2) Any other claim, within the later of 4 months after it arises, or the time specified in subsection (a), paragraph (2).

18–A M.R.S.A. § 3–803.

partial allowance if the notice warns the claimant of the impending bar.

18–A M.R.S.A. § 3–806(a) (1998). Because Wadsworth did not commence a proceeding against the personal representatives within sixty days of the mailing of disallowance, the Estate contends that his claim is barred.[4]

[¶ 6] Wadsworth seeks to avoid this result by urging that we interpret his claim as an issue of title not a contractual claim against the decedent or his estate. The Probate Code defines "claims" broadly and expressly includes liabilities arising under contract. The term includes

> liabilities of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration. The term does not include estate or inheritance taxes, or demands or disputes regarding title of a decedent or protected person to specific assets alleged to be included in the estate.

18–A M.R.S.A. § 1–201(4) (1998). Wadsworth's claim cannot reasonably be construed as a title dispute regarding a piece of property; it is a claim that Leavitt breached his promise to devise the flower shop to Wadsworth in return for his years of employment. Such a claim falls squarely within section 1–201(4) and is subject to the time restrictions of the Code. As we stated in *Estate of Staples*, creative labeling cannot exempt a "claim" from the requirements of the Probate Code. *See Estate of Staples*, 672 A.2d at 101. *Cf. Estate of Shapiro*, 1999 ME 25, 723 A.2d 886 (a claim seeking to recover property of a third party held by the Estate is not a claim within the meaning of section 1–201(4)).

[¶ 7] Because Wadsworth's action was not commenced within 60 days of the notice of disallowance, it is time-barred. Accordingly, we need not address the Estate's other arguments on appeal or Wadsworth's arguments on cross-appeal.

The entry is:

Judgment vacated. Remanded to Hancock County Probate Court for further proceedings consistent with this opinion.

---

4. The statute requires that the Estate's notice of disallowance had to inform Wadsworth of his right to file a petition for allowance or commence a proceeding against the personal representative within 60 days of the mailing of disallowance. *See* 18–A M.R.S.A. § 3–806. The docket sheet reflects that the personal representatives mailed a copy of the notice of disallowance form to Wadsworth. The form states the rights of the claimant upon disallowance and uses the statutory language to warn the claimant of the impending bar if he or she does not take action, adequately informing Wadsworth of the impending bar.