**Estate of FRITZ REED, Deceased,**

**v.**

**SHANTILAL BROTHERS, LTD., Creditor.**

High Court of American Samoa
Trial Division

PR No. 24-04

September 15, 2005

---

Before RICHMOND, Associate Justice; MAMEA, Associate Judge; and TAPOPO, Associate Judge.

Counsel: For Petitioner, Jeffrey Waller
 For Defendant, Henry Kappel

ORDER DENYING MOTION TO DISMISS CREDITOR'S CLAIM

## Background

Shantilal Brothers Ltd. ("Creditor") is a corporation with its principal place of business located in Suva, Fiji. In December 1996, Creditor obtained a judgment against Fritz Reed ("Deceased") in the amount of $10,976.00, plus interest at the rate of 8% per annum, court costs of $115.00, and attorney fees of $350.00, for a total judgment of $11,441.00 plus interest. Creditor alleges that to date, neither Deceased nor Deceased's estate (the "Estate") has made any payments toward satisfaction of the judgment debt.

On January 7, 2005, the Court entered an order appointing Ginny Mae Reed as Administrator of the Estate ("Administrator"). On January 28, 2005, in accordance with A.S.C.A. § 40.0320, Administrator published a

notice to creditors requiring creditors to present their claims within 60 days of publication ". . . or forever have your claims barred." Creditor filed its claim on March 31, 2005, two days after the published cutoff date. Administrator now moves to dismiss Creditor's claim against the Estate as untimely filed.

**Discussion**

I. **Does ASCA § 40.0320 Forever Bar Creditor Claims that Are Submitted After the 60 Day Filing Period?**

A.S.C.A. § 40.0320 provides:

> **Notice to creditors.**
> Every executor, administrator and administrator with will annexed shall, within 20 days after the granting of his letters, *notify all persons having claims against the estate to exhibit them within 60 days from the date of the first publication of such notice.* Notice shall be published once in some newspaper published in American Samoa if any, and shall be posted at the government offices (emphasis added).

In contrast, Uniform Probate Code ("UPC") § 3-803 provides in relevant part:

> (a) All claims against a decedent's estate which arose before the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations or non-claim statute, *are barred against the estate,* the personal representative, the heirs and devisees, and non-probate transferees of the decedent, *unless presented as follows*:
> (1) *within four months after the date of the first publication of notice to creditors* (emphasis added).

 Almost all jurisdictions have adopted "nonclaim statutes" substantially similar to UPC § 3-803,[1] which require creditors to file claims against an estate within a specified time period, and generally bar

---

[1] *See e.g.,* Colorado, COLO. REV. STAT. § 15-12-803 (2004); Maine, ME. REV. STAT. ANN. TIT. 18-A, § 3-806(a) (2005); Missouri, MO. REV. STAT § 473.360 (2005); Montana, MONT. CODE ANN. §72-3-801(1) (2004); North Dakota, N.D. CENT. CODE § 30.1-19-03(1) (2005); Texas, TEX. PROB. CODE § 298 (2005).

untimely claims. However, A.S.C.A. § 40.0320 is silent as to whether claims filed after the statutorily prescribed time limit are barred. This is significant because absent any explicit statutory authorization, a court in a jurisdiction with a nonclaim statute may not extend the statutorily fixed time for filing a claim. *See e.g., In re Estate of Hall*, 948 P.2d 539, 541 (Colo. 1997); *Estate of Staples*, 672 A.2d 99, 101-02 (Maine 1996); *In re Estate of Sterling*, 537 N.W.2d 554, 558 (N.D. 1995). In other words, a nonclaim statute is not subject to equitable exceptions. *See Estate of Decker v. Farm Credit Servs. of Mid-America*, 684 N.E.2d 1137, 1138 (Ind. 1997).

Administrator asks the Court to read § 40.0320 as forever barring claims filed subsequent to 60 days from the first publication of notice to creditors. Administrator contends that the purpose behind § 40.0320's 60 day filing period, like that of the four month period in UPC § 3-803, is the expeditious administration of the estate. *See e.g., Estate of Staples*, 672 A.2d at 101 (purpose of the Maine Probate Code is to promote the speedy and efficient liquidation and distribution of the estate). According to Administrator, the purpose of A.S.C.A. § 40.0320 will be frustrated if the Court allows Creditor's untimely claim. Thus, Administrator argues that Creditor's claim be barred and dismissed.

Implicit in Administrator's reasoning is that the Legislature intended to craft a statute consistent with UPC § 3-803 and other nonclaim statutes. Yet there are significant differences between the two statutes. First, A.S.C.A. § 40.0320 allows only 60 days within which to file a claim, not the four months permitted by UPC § 3-803.

Second, other jurisdictions have enacted nonclaim statutes that explicitly state, in plain, mandatory and unambiguous language, that claims will be "barred" if not filed within the mandatory time period. Section 40.0320, on the other hand, is equivocal on the matter. A plain word reading of § 40.0320 leaves open the possibility that untimely claims may still be permitted by equitable exception.

Of course, within the jurisdictions that have adopted nonclaim statutes, some have seen fit to carve out explicit statutory exceptions to the complete bar against untimely claims. *See e.g.,* CALIFORNIA PROB. CODE § 9103 (providing exceptions to the filing deadline imposed by previous code section § 9100). However, there is no reason to believe that the Legislature's non-inclusion of such language in § 40.0320 reflects a conscious decision on their part to proscribe exceptions to the 60 day filing deadline. Rather, given the open-ended language of § 40.0320, explicit exceptions are unnecessary.

■ Thus, we cannot agree with Administrator that like UPC § 3-803 and other nonclaim statutes, § 40.0320 should be read to forever bar and remove the Court's authority to consider late claims.

## II. Reasons for Allowing Creditor's Claim

Having concluded that § 40.0320 permits the Court to consider late filed claims, we now discuss why allowing Creditor's untimely claim is appropriate.

First, we find nothing to suggest that the speedy and efficient liquidation and distribution of the Estate will be frustrated by allowing Creditor's claim. Creditor's claim was filed only two days after the statutory deadline. Therefore, allowing Creditor's claim should not unduly prejudice or delay the administration and distribution of the Estate.

■ Second, due process considerations weigh in favor of allowing Creditor's claim. The Supreme Court has held that due process requires actual notice to known or reasonably ascertainable creditors of a probate estate.[2] *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 491 (1988). Notice solely by publication is insufficient in situations where the creditor's identity as a creditor was known or "reasonably ascertainable." *Id.* at 489-90. In these situations, due process requires that the creditor be given "notice by mail or other means as certain to ensure actual notice." *Id.* at 491 (*quoting Mennonite Bd. of Admissions v. Adams*, 462 U.S. 791, 800 (1983)).

Creditor argues that its identity was reasonably ascertainable by Administrator, and thus Creditor was entitled to actual notice. To support this claim, Creditor points to the following: (1) the judgment entered by the Court against Deceased in 1996; (2) Creditor's efforts to collect the judgment in 1997, including writs of garnishment and execution; and (3) Creditor's letter to Illaisa Elizabeth Reed in 2003, daughter and one of the heirs of Deceased, providing her with a copy of the judgment and invited her to engage in settlement negotiations on behalf of Deceased. Creditor contends that its claim was reasonably ascertainable from a review of Deceased's business records or through communications with Deceased's heirs regarding his affairs.

■ Although we need not rule on this issue, we do find Creditor's argument compelling. All Administrator was required to do was to make "reasonably diligent" efforts to uncover the identities of creditors. *See*

---

[2] Certain state probate statutes incorporate such language into their nonclaim statute. *See, e.g.,* CAL. PROB. CODE §9050 (Deering 2005).

*id.* at 490. Reasonably diligent efforts by Administrator to uncover the identities of creditors, such as conducting a review of Deceased's business records or speaking with other heirs, should have revealed Creditor's identity.

Thus, Administrator's notice by publication was likely insufficient. Moreover, given the relatively short time period (60 days) within which to file a claim, dismissing Creditors claim for being two days late is a harsh and inequitable result. Consequently, even if we construe § 40.0320 as barring untimely claims, Creditor's claim might still be allowed as a matter of due process.

Because allowing Creditor's claim will not disrupt the expeditious administration of the Estate, and because Administrator's notice by publication was likely inadequate on due process grounds, we feel comfortable permitting Creditor's claim.

### Order

Administrator's motion to dismiss Creditor's claim is denied. It is so ordered.