MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 119
Docket:        Pen-14-56
Submitted
 On Briefs:    September 23, 2014
Decided:       October 30, 2014

Panel:         SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, JABAR, and HJELM,
               JJ.

## ESTATE OF MARGARET C. GRAY

GORMAN, J.

[¶1]  Elizabeth Tasker appeals from a judgment of the Penobscot County Probate Court (*Bradford, M.R., J.*) dismissing her claim against the estate of her mother, Margaret C. Gray.  Elizabeth contends that the usual time limitations for a claim against an estate established in 18-A M.R.S. § 3-803(b) (2013) do not apply to a claim for unjust enrichment.  We disagree and affirm the judgment.

### I.  BACKGROUND

[¶2]  The facts of this case were thoroughly discussed in our prior decision concerning this dispute.  *Estate of Gray*, 2013 ME 29, ¶¶ 2-6, 61 A.3d 747.  When Margaret C. Gray died on June 25, 2007, her will devised her estate in equal shares to Ernest L. Gray III and Elizabeth Tasker, her surviving children.  *Id.* ¶ 2. Margaret's estate consisted of three parcels of real property located in Maine.  *Id.*

[¶3]   On April 28, 2010, almost three years after her mother's death, Elizabeth filed Margaret's will in the Penobscot County Probate Court and petitioned for appointment as the personal representative of the estate.  *Id.* ¶ 4. After Ernest objected to Elizabeth's appointment, the court appointed Attorney Joel A. Dearborn Sr. as personal representative of the estate.  *Id.*

[¶4]   On January 19, 2011, Elizabeth filed a claim against the estate for $40,871.25 seeking reimbursement for mortgage, property tax, electricity, and heating payments she made to maintain her mother's properties since 2007. *Id.* ¶¶ 3, 5.  When Ernest objected to the claim, Dearborn petitioned the court for instructions.  *Id.* ¶¶ 5, 6.

[¶5]   During the May 14, 2012, hearing on her claim, Elizabeth presented evidence of the payments she had made from 2007 to 2012 for expenses relating to the estate's three properties.  She argued that her claims were not barred by the statute of limitations found in 18-A M.R.S. § 3-803(b) or, in the alternative, that she was entitled to recover under a theory of unjust enrichment.  On June 21, 2012, the court (*Woodcock, J.*) found that Elizabeth's claim was not barred by the statute of limitations and ordered that the estate pay Elizabeth $45,419.46.  *Id.* ¶ 6.

[¶6]  Ernest appealed that judgment and, on March 12, 2013, we concluded that the Probate Court erred by applying to Elizabeth's claim the statute of limitations for claims arising *before* the death of the decedent.  *Id.* ¶¶ 9, 11.  We

remanded the case with instructions to apply 18-A M.R.S. § 3-803(b) (2013), which applies to claims arising *after* the decedent's death, and to consider "all claims and defenses that are raised by the parties and found appropriate for consideration by the court." *Id.* ¶ 11.

[¶7]   On remand, Elizabeth asserted that the court should allow her claim against the estate based on a theory of unjust enrichment, which she argued would fall outside of section 3-803(b). The court disagreed; it concluded that a claim for unjust enrichment falls within the usual statute of limitations for claims against an estate and that Elizabeth's claim was therefore time-barred pursuant to section 3-803(b). Elizabeth appealed.

## II.  DISCUSSION

[¶8]   "Whether a claim is barred by the statute of limitations is a legal question subject to de novo review." *Estate of Weatherbee*, 2014 ME 73, ¶ 14, 93 A.3d 248. We strictly construe statutes of limitations. *Id*.

[¶9]   In this second appeal, Elizabeth argues that the Probate Court erred in holding that 18-A M.R.S. §3-803(b) applied to claims made against an estate pursuant to the theory of unjust enrichment. Section 3-803(b) states:

> All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the State and any subdivision of the State, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the

4

> heirs and devisees of the decedent, unless presented as follows: (1) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due; or (2) Any other claim, within the later of 4 months after it arises, or the time specified in subsection (a), paragraph (2).

In interpreting any statutory provision, we first look to its plain language to determine its meaning. *MaineToday Media, Inc. v. State*, 2013 ME 100, ¶ 6, 82 A.3d 104. "If the language is unambiguous, we interpret the provisions according to their unambiguous meaning unless the result is illogical or absurd." *Id.* (quotation marks omitted).

[¶10] The plain language of 18-A M.R.S. § 3-803(b) provides that "*all* claims against a decedent's estate" arising at or after the decedent's death are subject to its limitations period. (Emphasis added.) The specific use of the word "all" indicates that any claim—including an unjust enrichment claim, whether arising as a theory of recovery or as a separately pleaded cause of action—falls under the sweeping language of section 3-803(b).

[¶11] Contrary to Elizabeth's argument, section 3-803(b)'s list of specific examples, introduced by the word "including," do not suggest any intent to define the types of claims subject to the provision. "[W]e do not read exceptions, limitations, or conditions into an otherwise clear and unambiguous statute." *Adoption of M.A.*, 2007 ME 123, ¶ 9, 930 A.2d 1088. "The common definition of the word *includes* does not suggest it is a word of limitation." *S.D. Warren Co. v.*

*Bd. of Envtl. Prot.*, 2005 ME 27, ¶ 16, 868 A.2d 210, *aff'd on other grounds sub nom. S.D. Warren Co. v. Me. Bd. of Envtl. Prot.*, 547 U.S. 370 (2006). Thus, according to the plain language, the types of claims listed are intended only as a limited set of specific examples.

[¶12] Furthermore, we have concluded that the Probate Code must define "claim" broadly, *see Estate of Leavitt*, 1999 ME 102, ¶ 6, 733 A.2d 348 (concluding a claim contending ownership through equitable title was a "claim" under the Probate Code), and that creative labeling cannot exempt a "claim" from the requirements of the Probate Code. *Estate of Staples*, 672 A.2d 99, 101 (Me. 1996) (concluding that the Probate Court could not call a claim an "expense of sale" simply to avoid the statute of limitations).

[¶13] Elizabeth's dependence on *Estate of Miller*, 2008 ME 176, ¶ 28, 960 A.2d 1140, is not persuasive. In that case, the personal representative of an estate filed a three-count complaint against the decedent's son after the son gained control of several of the decedent's bank accounts. *Id*. ¶ 7. The personal representative asserted that the son's retention of the accounts constituted an unjust enrichment. *Id.* Because the case involved a claim *by* an estate, we applied the six-year statute of limitations to the unjust enrichment claim against the decedent's

6

son. *See* 14 M.R.S. § 752 (2013).[1] Elizabeth's claim, however, is a claim *against* an estate and is therefore subject to the Probate Code.

[¶14]   Because section 3-803(b) applies to it, Elizabeth's claim is time-barred.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Marvin H. Glazier, Esq., Vafiades, Brountas & Kominsky, LLP, Bangor, for appellant Elizabeth Tasker

Joel A. Dearborn, Esq., Joel A. Dearborn, Sr., Esq., P.A., Brewer, for the Estate of Margaret C. Gray

Bryan M. Chabot, Esq., Scaccia, Bartlett & Chabot, Sanford, for appellee Ernest L. Gray III

Penobscot County Probate Court docket number 2010-279
FOR CLERK REFERENCE ONLY

---

[1] In *Estate of Miller*, we applied 14 M.R.S. § 752 (2007), which has the same language as the current version of section 752.