## ROSS *versus* PHILBRICK.

An officer who attaches property on mesne process and sells it thereon, without the consent of the creditor and owner, or otherwise than by the mode prescribed in c. 114, § 53, R. S., becomes a trespasser *ab initio.*

The pendency of the action, on which *such property* was attached, interposes no obstacle to an immediate suit by the owner.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

TRESPASS for taking certain personal property belonging to plaintiff.

The defendant justified as a deputy sheriff that the property was seized on July 22, 1853, on a writ of possession

in favor of one John Rangely v. plaintiff, and disposed of according to law; also that on the 19th of August following, the same property was attached on a writ, Noah Burnham v. plaintiff, subject to the former seizure, and that the action was then pending in Court.

It appeared that Burnham, by his agent, directed the defendant to make sale of the property attached on said precepts, and gave a bond of indemnity to him for making the sale, which property was sold on the writ and the proceeds of the sale paid to him.

Evidence was given tending to show plaintiff's consent to the sale, and also that he forbade it, but there was no evidence that any portion of the property had been appraised before it was sold.

The counsel for defendant requested the Court to instruct the jury, that as the property sued for was lawfully attached by Burnham, and that suit still pending in Court, the plaintiff can maintain no action, to recover the value of that property while so pending, on account of defendant's having sold the same, although the sale was not conformable to the statute.

The Court refused the request, but did instruct the jury, that if the defendant legally attached the property, sued for on Burnham's writ, still, if he afterwards sold it by virtue of said writ, without complying with the requirements of law, he would be deemed a trespasser, (excepting as to that sold on the writ of possession,) unless the plaintiff agreed and consented to said sale; and that plaintiff would be entitled to a verdict for the value of the property so sold, to which the jury would be authorized to add as damages a sum equal to the interest on such amount since the sale, notwithstanding the pendency of said writ on which the property was attached.

A verdict was returned for plaintiff for $419,12 and defendant excepted.

*J. S. Abbott*, in support of the exceptions.

1. As the property was fairly sold, and the proceeds held

to be applied on the execution which may hereafter issue in the case in which the attachment was made, if the officer did conduct irregularly, only nominal damages should have been recovered. *Daggett* v. *Adams*, 1 Maine, 198.

2. The officer is liable to Burnham in case he prevails in his suit, and in case this verdict stands, the plaintiff obtains the full value of his property. The defendant will be obliged to pay the full value to Burnham in discharge of Ross' debt, and thus the plaintiff gets his pay twice for the property. Hence the remedy of plaintiff is suspended until the paramount right of his attaching creditor is settled. *Bailey* v. *Hall*, 16 Maine, 408.

*R. Goodenow, contra*, that defendant was a trespasser *ab initio*, cited R. S., c. 114, § § 52, 60; *Booker* v. *Baker*, 18 Pick. 408; *Allen* v. *Hall*, 5 Met. 263; *Coffin* v. *Field*, 7 Cush. 358; *Smith* v. *Gates*, 21 Pick. 55; *Adams* v. *Adams*, 13 Pick. 387; *Folger* v. *Hinckley*, 5 Cush. 266; *Williamson* v. *Dow*, 32 Maine, 559; *Blanchard* v. *Dow*, 557; *Mussey* v. *Cummings*, 34 Maine, 75.

That defendant was not liable to the attaching creditor, he cited *Jenney* v. *Delesdernier*, 20 Maine, 183; *Rice* v. *Wilkins*, 21 Maine, 562.

As to damages, *Brannin* v. *Johnson*, 19 Maine, 361.

CUTTING, J. — In *the six carpenters' case*, 8 Coke, 290, "it was resolved when entry, authority or license is given to any one by the law, and he doth abuse it, he shall be a trespasser *ab initio*." Or in other words, "where the law has given an authority, it is reasonable, that it should make void every thing done by an abuse of that authority, and leave the abuser, as if he had done every thing without authority." Bacon's Abr. Trespass, B.

This rule of the common law applies to all subordinate executive officers, and serves to confine them within the limits of their legal duties; and when we consider the constitutional protection given to property, the rule appears to be not an unjust one. In this case, it has not been pretend-

ed by his counsel, that the defendant, after satisfying the execution in favor of Rangely out of the property seized on that, and subsequently returned on mesne process, had legal right to sell the balance at auction without the consent of the creditor and debtor, or otherwise than by the mode pointed out in R. S., c. 114, § 53. Here then, was an abuse of authority, and the defendant, according to the rule, was a trespasser *ab initio*. This position is fully sustained by the authorities cited by the plaintiff's counsel.

But it is contended, that so long as the process, upon which the property in controversy was attached, is pending in Court, the plaintiff cannot sustain this action, because otherwise the defendant might be compelled to pay twice for the same property; to the plaintiff in the first instance, and subsequently to the attaching creditor. If it be so, it is not the only case where the *tort-feasor* is made liable to pay double or even treble damages. Consequences may be more properly the subject of consideration by the party before the fact, than by the Court subsequently in determining the law. An officer, who has been guilty of a trespass from the beginning, cannot invoke to his aid the process which he has abused; he places himself in the same situation he would have occupied, had he seized the property without any process, and taken it from the owner's possession; and what consequence is it to the officer or the attaching creditor, that the suit is pending, when the attachment is dissolved, and can no longer be made available to satisfy a subsequent execution?

In *Purrington* v. *Loring*, 7 Mass. 388, a deputy sheriff was declared to be a trespasser *ab initio*, and liable to the amount of the articles taken; because in his return, it appeared he sold them, after having advertised the time and place of sale twenty-four hours instead of four days, notwithstanding he had applied the proceeds of the sale on the warrant of distress against the plaintiff.

So, in *Wallis* v. *Truesdell*, 6 Pick. 455, an officer was held to be a trespasser *ab initio*, for selling property on

mesne process, without the consent of the debtor, and the termination of the original suit was considered for no other reason than to dispense with the necessity of a demand.

In *Smith* v. *Gates*, 21 Pick. 55, the Court conclude their opinion by saying, " The defendant, having failed to conform to the requisitions of the statute, has clearly made himself a trespasser *ab initio*, and the plaintiff is entitled to recover the value of the horse so taken and sold."

In *Allen* v. *Hall*, 5 Met. 263, it appeared, that previous to the trustee process, Hall had commenced a suit against one Tufts, attached his property and caused the same to be sold at auction, on mesne process, by the officer, under circumstances, similar to the case at bar, and Hall became the purchaser, and took the property into his possession, for which the Court held him to be the trustee of Tufts. Hall was not allowed to, or he did not, invoke the pendency of his suit; or that, the sale being illegal, the attached property was still in the custody of the law, or that the funds were held to be applied to his anticipated execution.

In *Blanchard* v. *Dow*, 32 Maine, 557, the defendant, being a collector of taxes, held a legal assessment against the plaintiff for $44,15, for payment of which, defendant seized and sold his horse for $65, but failing to show a compliance with the requirements of the statute, the defendant was held to be a trespasser *ab initio*, and the plaintiff recovered judgment for the value of his horse, without any deduction for the taxes.

Authorities might be multiplied to almost any extent, both to show what constitutes a trespass *ab initio* and its consequences as affecting the rights of the parties; but it is unnecessary to consider the rule as to damages in this case, inasmuch as there can be no legal appropriation of the funds derived from the illegal sale, towards satisfying the creditor's judgment, if he ever recovers one ; it is not the case, that comes within some of the authorities, of an appropriation *already made*, and a debt or execution *already discharged*, but where funds are said to be held to be appropri-

ated upon a contingency. The statute authorizing a sale on mesne process under certain circumstances, admits of no such evasion.

It is true, that in *Kaley* v. *Shed*, 10 Met. 317, the defendant was permitted to show, that the property by him unlawfully taken, had been subsequently attached and taken from him by another officer, and being rightfully in the custody of the law, the plaintiff had suffered damages only for the intermediate detention. But in the case at bar no such subsequent attachment has been made, whereby to place the property in the custody of the law, and the two cases are wholly dissimilar.

So in *Perry* v. *Chandler*, 2 Cush. 237, and *Squire* v. *Hollenbeck*, 9 Pick. 551, where it was held that it might be shown in reduction of damages, that a third person had a paramount title; but in neither case did the person having the superior title claim under an officer who had abused his precept.

The case of *Bailey* v. *Hall*, 16 Maine, 408, cited by defendant's counsel, as an authority against the maintenance of the present action, does not sustain his proposition. It was proved in that case that crockery ware had been attached by the officer and deposited by him in a barn, and within three weeks it was destroyed by some person unknown. This did not make the officer a trespasser *ab initio*, as was decided on very similar facts in *Ferrin* v. *Symons*, 11 N. H. 363. A mere *non-feasance* will not make a man a trespasser *ab initio*, *Gardner* v. *Campbell*, 15 Johns. 401, consequently the attachment was not dissolved, and the Court very properly held, that until that time " the creditor's claim was paramount to that of the debtor."

But another answer to the creditor's claim on the defendant is the fact, that what was done, was by his procurement and bond of indemnity. Whether the bond be a valid security to the officer for doing an illegal act is not now under consideration, but it shows enough, or rather the act of giving such a paper, to release the officer from any further

claims of the creditor; and it shows further, that the creditor conspired with the officer to violate the law, and this creditor cannot complain, that his too great haste to handle the money, has discharged his legal security. We, therefore, do not perceive any valid objection to the Judge's instructions or refusals to instruct, and the exceptions must be overruled.

SHEPLEY, C. J., and HOWARD and HATHAWAY, J. J., concurred.