**Ronald F. BOZZUTO**

v.

**Ernest H. OUELLETTE.**

Supreme Judicial Court of Maine.

Dec. 5, 1979.

---

Ronald F. Bozzuto (orally), pro se.

Thomas E. Delahanty, II, Dist. Atty. (orally), Auburn, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY, NICHOLS and GLASSMAN, JJ.

McKUSICK, Chief Justice.

The Superior Court held that this conversion action against a deputy sheriff who wrongfully sold property attached in a prior suit was barred by the statute of limitations. That holding was correct as a matter of law. We accordingly deny plaintiff's appeal from the summary judgment dismissing the action.

In August, 1968, Mr. Bozzuto, the present plaintiff, was sued for alienation of affections by one Diehl. Mr. Bozzuto was acting at the time as the club professional at the Poland Spring Country Club. In connection with commencing the action of *Diehl v. Bozzuto*, Mr. Diehl's attorney caused Mr. Ouellette, the present defendant, then a deputy sheriff in Androscoggin County, to attach golf clubs and other golfing equipment owned by Mr. Bozzuto. Later in that same month of August, 1968, Deputy Sheriff Ouellette, again at the direction of Mr. Diehl's attorney, released the attached golfing equipment to Mr. Saul Feldman in consideration of $450 paid directly to Mr. Diehl's attorney. Apparently this action by Mr. Diehl's attorney and defendant was completely without legal authority.[1]

The alienation of affections action, *Diehl v. Bozzuto*, dragged on for years with little activity. Finally, in January, 1976, the parties arrived at a compromise settlement by which that suit was dismissed with prejudice.

Shortly before the entry by consent of the judgment in the prior suit, Mr. Bozzuto learned—apparently for the first time—of the unlawful disposition of his golfing equipment. He commenced the present conversion action against Deputy Sheriff Ouellette on March 1, 1976, about 7½ years after defendant's acts of misfeasance. Holding that the conversion action was barred by the statute of limitations, the Superior Court granted defendant Ouellette's motion for summary judgment dismissing the action. The Superior Court found it unnecessary to determine whether the case was controlled by the six-year statute of limitations that applies generally to civil actions, 14 M.R.S.A. § 752 (1965), or by the four-year statute that applies specifically to "actions against a sheriff, for negligence or misconduct of himself or his deputies," 14 M.R.S.A. § 851 (1965).[2] Either

1. The provisions of 14 M.R.S.A. § 4351, requiring the consent of both parties as a condition for sale of attached property and directing the officer to hold the net proceeds of the sale "subject to successive attachments as if sold on execution," were admittedly not complied with.

2. Since it is also unnecessary for this court to choose between the two statutes of limitation,

we should not be taken to express any opinion whether 14 M.R.S.A. § 851, prescribing the shorter four-year limitations period applies to a conversion action brought directly against a deputy sheriff rather than "against a sheriff, for negligence or misconduct of himself or his deputies." *Id.*

statute, the court held, would bar Mr. Bozzuto's suit.

Here on appeal, as in the Superior Court, the critical issue is whether Mr. Bozzuto's tort cause of action against the deputy sheriff "accrued" at the time of the wrongful sale in August of 1968. Both statutes of limitation by their terms start to run when "the cause of action accrues." This court in *Williams v. Ford Motor Company*, Me., 342 A.2d 712, 714 (1975), declared that

. . . accrual of a tort cause of action as used [in the statutes of limitation] means exactly what the legal term implies—the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication.

The test is when plaintiff "received a judicially recognizable injury", when plaintiff was first entitled to sue. *Id.* at 715. *See generally* "Developments in the Law—Statutes of Limitations," 63 *Harv.L.Rev.* 1177, 1200–03 (1950).

As held by this court a century and a quarter ago in *Ross v. Philbrick*, 39 Me. 29 (1854), the owner of attached goods (such as Mr. Bozzuto) may immediately sue a deputy sheriff for wrongfully selling those goods. In the case at bar the wrongful act was complete in August, 1968. At that time Mr. Bozzuto—without awaiting the outcome of the alienation of affections suit—was deprived of his golfing equipment or their value. Never afterward could he either recover those items of equipment *in specie* from the attaching officer, or have their impartially determined value applied in satisfaction of any judgment obtained against him in the pending suit.

Upon the happening of the wrongful act of conversion in August, 1968, the damages recoverable by Mr. Bozzuto, namely, the then fair market value of the converted golfing equipment, *Brown v. Haynes*, 52 Me. 578, 581 (1864), were immediately determinable. Thus, the conclusion that his cause of action accrued in August of 1968 follows from the holding of this court in *Betts v. Norris*, 21 Me. 314 (1842): The cause of action against a sheriff for his failure to attach sufficient property to satisfy the eventual judgment accrued when the sheriff's nonfeasance took place, "and not when it came to be ascertained, by subsequent events, what the precise amount of the injury turned out to be." *Id.* at 319.

Mr. Bozzuto's ignorance of defendant's misfeasance for about seven years does nothing by itself to prevent the running of the statute of limitations. It is true that a defendant's fraudulent concealment from a plaintiff of the existence of a cause of action tolls the statute. *See* 14 M.R.S.A. § 859 (1965). In the case at bar, however, plaintiff has not by affidavit, deposition, or other sworn evidence "set forth specific facts showing that there is a genuine issue for trial" as to fraudulent concealment. *See* M.R.Civ.P. 56(e). Failing such a showing by the party opposing the motion for summary judgment, the Superior Court was required by law to dismiss the complaint.

The entry will be:

Appeal denied.

Judgment of dismissal affirmed.