Lois H. JOHNSTON et al.

v.

DOW & COULOMBE, INC.

Supreme Judicial Court of Maine.

Argued Nov. 5, 1996.

Decided Dec. 9, 1996.

Joseph J. Hahn (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for Plaintiffs.

Roy E. Thompson, Jr. (orally), Elizabeth Knox Peck, Thompson & Bowie, Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Lois H. Johnston, individually and as personal representative of the Estate of James Johnston, and Bruce S. Johnston appeal from the entry of a summary judgment in the Superior Court (York County, *Perkins, A.R.J.*) in favor of Dow & Coulombe, Inc., the surveying firm that they allege negligently prepared a survey plan of their property. The Johnstons contend that for statute of limitations purposes their cause of action against Dow & Coulombe did not "accrue" until the surveyor's negligence caused a judgment to be entered against them in favor of an abutting landowner. In the alternative, they seek the application of the "discovery rule" to their negligence action. We disagree as to the date on which the action accrued and decline the Johnstons' invitation to apply the discovery rule to the negligence of surveyors.

James and Lois Johnston purchased a parcel of land in the town of York in 1957. In May 1978, the Johnstons hired Dow & Coulombe to survey the property and prepare a subdivision plan. In April 1979, Dow & Coulombe sent a letter to the Johnstons advising them that the preliminary survey was complete and that further investigation was necessary because of "some question about the lines ... along the land now or formerly of William Langell heirs." The firm advised they were "awaiting additional deed copies from Attorney Rust to help resolve the question."

Later that month Attorney Myron Rust wrote to Dow & Coulombe highlighting the results of his title search of the lots sur-rounding the land purchased by the Johnstons. In his letter, Rust advised that he had found "problem areas" and that there were several "areas now to be reviewed" following his search. A copy of Attorney Rust's letter was sent to the Johnstons. Attorney Rust addressed a second letter to Dow & Coulombe, a copy of which was sent to the Johnstons, advising that he had obtained additional information about the Johnston property that "will probably solve our problem." He promised to forward the deeds in support of his findings.

Early in 1991, Dow & Coulombe advised the Johnstons that Nickey and Marguerite Zela claimed ownership to a portion of the parcel of land thought to be owned by the Johnstons. The Zelas subsequently filed an action to quiet title against the Johnstons and in May 1993 were awarded a judgment in that action. In February 1995, the Johnstons commenced this action against Dow & Coulombe and William Anderson, a surveyor who was retained by the Johnstons in 1987 to revise the preliminary subdivision plan that was originally prepared by Dow & Coulombe. The complaint alleged breach of contract and negligence claims against both surveying companies.

The Superior Court granted Dow & Coulombe's motion for a summary judgment as to Counts 1 through 4 of the complaint (Counts 5 and 6 applied only to Anderson). After the entry of a final judgment pursuant to M.R.Civ.P. 54(b), the Johnstons appealed.

*Accrual of the Cause of Action*

The Johnstons contend that the statute of limitations had not yet run on their claims against Dow & Coulombe when they commenced their action. They do not dispute that the limitation provisions of 14 M.R.S.A. § 752 (1980) [1] apply to their claims against Dow & Coulombe. They argue, however, that their cause of action against Dow & Coulombe did not "accrue" until the Zelas succeeded in quieting title against them.

The general test for determining when a cause of action accrues is when a

---

1. Section 752 provides:
 All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in this State, and except as otherwise specially provided.

plaintiff "received a judicially recognizable injury." *Bozzuto v. Ouellette*, 408 A.2d 697, 699 (Me.1979) (citation omitted). "[A] cause of action sounding in tort accrues when the plaintiff sustains harm to a protected interest." *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me.1987). In *Bozzuto*, we held that the plaintiff's "ignorance of the defendant's misfeasance for about seven years does nothing by itself to prevent the running of the statute of limitations." 408 A.2d at 699. In the instant matter, the Johnstons' cause of action against Dow & Coulombe accrued for purposes of the statute of limitations when the surveyors performed their appointed task. At the time of the allegedly negligent survey in 1979, the Johnstons had not yet suffered the pecuniary loss of the quiet title action that would later be brought against them; however, they suffered an injury at the time of the performance of the survey, and the statute of limitations began to run at that time.

The Johnstons rely on language in *Williams v. Ford Motor Co.*, 342 A.2d 712 (Me.1975). In *Williams* we stated that the existence of a "judicially recognizable injury" is required before a cause of action can be deemed to have accrued. *Id.* at 715. *Williams v. Ford Motor Co.* is inapposite. As we stated in *Williams*,

> [i]t does not appear to us that our Court has ever departed from the basic position that accrual of a tort cause of action as used here means exactly what the legal term implies—the point at which a wrongful act produces an injury for which a potential plaintiff is entitled to seek judicial vindication.

342 A.2d at 714.

In *Williams*, we held that a tort cause of action accrued when the plaintiffs were in-

jured by the defective vehicle and not when the vehicle was first manufactured. The Johnstons suggest that *Williams* permits the tolling of an undiscovered tort cause of action; however, our holding in *Williams* was premised on the lack of privity between the tortfeasor and the eventual consumer, who was "a stranger to the transaction at the time of the claimed misfeasance or nonfeasance." 342 A.2d at 712. The Johnstons cannot claim that they were remote from the transaction with Dow & Coulombe at the time of the latter's alleged misfeasance, and the reliance on *Williams* is misplaced.

### Discovery Rule

The Johnstons also seek application of a "discovery rule" to their cause of action against Dow & Coulombe. We have limited the application of the discovery rule to three discrete areas: legal malpractice,[2] foreign object[3] and negligent diagnosis[4] medical malpractice, and asbestosis.[5]

 The Legislature in 1993 enacted an amendment to our statute of limitations to allow for the application of the discovery rule to land surveyors. 14 M.R.S.A. § 752–D (Supp.1995) provides:

> All civil actions for professional negligence against land surveyors duly licensed or registered under Title 32 must be commenced within 4 years after the negligence is discovered, but an action may not be commenced more than 20 years after the completion of the plan or the completion of the professional services if a plan is not prepared.

Section 752–D applies only to causes of action "arising on or after the effective date of

---

2. *Anderson v. Neal*, 428 A.2d 1189, 1191 (Me. 1981). "The general rule—accrual at the time of judicially cognizable injury—generally works, and we do not abandon it. In most cases, this rule represents a just balance between a plaintiff's legitimate claim and a defendant's need for an eventual end to potential liability. However, the general rule does not adequately adjust the balance of the parties' rights in situations involving the specific complex of interests represented by a legal malpractice claim and should yield to a more just rule."

3. *Myrick v. James*, 444 A.2d 987 (Me.1982).

4. *Bolton v. Caine*, 541 A.2d 924 (Me.1988) (this case was pending prior to the enactment of P.L. 1985, ch. 804 §§ 13, 22, amending 24 M.R.S.A. § 2902 (Supp.1987)).

5. *Bernier v. Raymark Indus., Inc.*, 516 A.2d 534, 543 (Me.1986).

this Act" in 1993. P.L.1993, ch. 161, § 2. The *Johnstons* do not argue that section 752–D tolls the statute of limitations for this action; rather, they contend the statute is a codification of the existing law. We disagree. We have never held that the date of discovery triggered the running of the statute of limitations in an action for the alleged negligence of surveyors and decline to do so in this case.

The entry is:

Judgment affirmed.

All concurring.