1998 ME 45

### ESTATE OF Ronald O. THEBERGE.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 9, 1998.

Decided March 4, 1998.

Lisa A. Tavenner, Moncure & Barnicle, Brunswick, for appellant.

Linda T. Wood, Bath, for appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Sally Kruk (n/k/a Sally Wallace) appeals from a judgment entered in the Cumberland County Probate Court (*Childs, J.*) barring her disputed claim against the estate of Roland O. Theberge. The court held that she failed to file a petition for allowance in a timely manner in compliance with 18–A M.R.S.A. § 3–806 (1998).[1] Kruk argues that

---

**1.** In relevant part, the statute provided:

Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days *after the mailing of the notice of disallowance* or partial allowance if the notice warns the claimant of the impending bar. Failure of the personal representative to furnish notice to a claimant of action on his claim for 60 days after the time for original presentation of the claim has expired has the effect of a notice of allowance.

neither she nor her attorney was properly served with a notice of disallowance, and thus her claim should not have been barred. Finding no error, we affirm the judgment.

██ [¶ 2] Contrary to Kruk's arguments, a probate proceeding was commenced in this matter upon the filing of the application for informal probate. M.R. Prob. P. 2; M.R. Prob. P. 3. The appropriate method of service in such a case is by delivery or by mail upon the claimant's attorney, unless the court orders that the claimant be served personally. M.R. Prob. P. 5(a); M.R. Civ. P. 5(b). Moreover, there is no express requirement for certified mail, return receipt requested. *See* 18–A M.R.S.A. § 3–806 and M.R. Civ. P. 5. In the absence of an order that Kruk be served personally, the personal representative properly served the notice of disallowance on Kruk's attorney of record by ordinary mail.

██ [¶ 3] Despite Kruk's contention that her attorney did not receive the notice, it was not clear error for the court to find that the letter of the attorney for the estate certifying that she mailed the notice to claimant's attorney was sufficient and that no other proof was necessary. M.R. Civ. P. 5(d); 1 Field, McKusick & Wroth, *Maine Civil Practice* § 5.3 & n. 5 (2d ed.1970) (citing *Timmons v. United States*, 194 F.2d 357, 360–61 (4th Cir.1952)). "Where, as here, there is a choice between two permissible views of the weight of evidence, the findings of the Probate Court must stand." *Estate of Rosen*, 447 A.2d 1220, 1223 (Me.1982) (citing *Estate of Mitchell*, 443 A.2d 961 (Me.1982)).

██ [¶ 4] Because the court found that the notice of disallowance was served, Kruk's failure to commence an action within the time limits specified by 18–A M.R.S.A. § 3–806 barred her claim. *Estate of Staples*, 672 A.2d 99, 101 (Me.1996).

The entry is:

Judgment affirmed.

18–A M.R.S.A. § 3–806 (1998) (emphasis added).