2000 ME 3

**Estate of Malcolm George SAWYER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 17, 1999.

Decided Jan. 11, 2000.

Spencer Ervin, Bass Harbor, for appellant.

J. Hilary Billings, Billings & Silverstein, Bangor, for appellee.

Before: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Elsie Sawyer appeals from a judgment entered in the Penobscot County Probate Court (*Woodcock, J.*) dismissing on the basis of laches her claim for past due child support against the estate of her former husband, Malcolm Sawyer. Be-

cause Elsie failed to file a petition for allowance or commence a proceeding against the estate within 60 days of the claim's disallowance, as required by 18–A M.R.S.A. § 3–806(a), we affirm.

[¶ 2] The facts are not in dispute. The Lake County, Indiana, Superior Court granted Elsie and Malcolm a divorce in 1966. The judgment granted Elsie custody of the parties' four minor children (then ages 4, 6, 8 and 9) and ordered Malcolm to pay weekly child support. Malcolm died on April 4, 1998. Shortly thereafter, Elsie sent a letter to Malcolm's personal representative claiming past due child support pursuant to the 1966 divorce judgment. Malcolm's personal representative sent Elsie a letter disallowing her claim on June 9, 1998. Elsie filed a petition for allowance in the Penobscot County Probate Court on September 11, 1998.

[¶ 3] The Probate Code limits the time within which a claimant can dispute the disallowance as follows:

> Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative *not later than 60 days after the mailing of the notice of disallowance.*

18–A M.R.S.A. § 3–806(a) (1998) (emphasis added). We have stated that section 3–806(a) is "plain, unambiguous, and mandatory," *Estate of Staples,* 672 A.2d 99, 101 (Me.1996), and have concluded that failure to comply with its requirements bars otherwise justiciable claims. *See id.; see also Estate of Leavitt,* 1999 ME 102, ¶ 7, 733 A.2d 348, 350; *Estate of Theberge,* 1998 ME 45, ¶ 4, 706 A.2d 1041, 1042.

[¶ 4] In this case Elsie filed her petition for allowance ninety-four days after the personal representative mailed her the notice of disallowance. Elsie concedes that she did not comply with the 60–day deadline, but contends that an exemption

to the deadline applies to her claim. According to section 3–804(2),

> [t]he claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction, to obtain payment of his claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim. *No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death.*

18–A M.R.S.A. § 3–804(2) (1998) (emphasis added). Elsie argues that the 1966 divorce judgment was "pending" against Malcolm at the time of his death, rendering the presentation of a claim pursuant to section 3–806(a) unnecessary. We disagree.

[¶ 5] "Pending" has been defined as:

> Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. *Thus, an action or suit is 'pending' from its inception until the rendition of final judgment.*

BLACK'S LAW DICTIONARY 1021 (5th ed.1979) (emphasis added). This definition makes clear that an action is "pending" until there is a final judgment. An action may also be deemed "pending" while that final judgment is being appealed. The appeal period for the 1966 divorce judgment ended thirty-two years before Malcolm's death.[1] *See* Ind. R.App. P. 3(B).

[¶ 6] *Lovell v. One Bancorp, Maine Sav. Bank,* 755 F.Supp. 466 (D.Me.1991) (*Carter, J.*), provides an example of a "pending" claim pursuant to section 3–804(2). In *Lovell,* the decedent had been a defendant in a lawsuit at the time of his death. The plaintiff in that action filed the same claim with the estate. The estate disallowed the claim and the plaintiff did not file a petition for allowance or commence a new proceeding against the estate within the 60–day period required by section 3–806(a). In refusing to bar plaintiff's claims, the court applied the section 3–804(2) exemption for pending claims and stated the policy behind the exemption:

> There is no need to petition the Probate Court for allowance of a claim ... where an action which can serve the same purpose *has already been commenced and is proceeding to judgment.* It is for *this reason* that section 3–804(2) specifically excludes pending judicial claims from the presentation requirement.

*Lovell,* 755 F.Supp. at 467 (emphasis added).

[¶ 7] The Indiana action for divorce and child support proceeded to judgment long before Malcolm's death and is no longer "pending" within the meaning of section 3–804(2). Elsie did not file a petition for allowance or commence a proceeding against the personal representative within 60 days of the mailing of the estate's disallowance of her claim. Accordingly, Elsie's claim is time-barred by section 3–806(a).[2]

The entry is:

Judgment affirmed.

---

1. We do not here address whether a post divorce motion to enforce the divorce judgment would be deemed a pending proceeding within the meaning of 18–A M.R.S.A. § 3–804(2) (1998).

2. The Probate Court held that laches barred Elsie's claim because of (1) the unexplained thirty-two year delay between the divorce judgment and Elsie's claim, and (2) the prejudicial circumstance of Malcolm's death. Because we find this action time-barred by section 3–806(a), we need not address the laches issue.