STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
DOCKET NO. CV-99-352
*N M - C U M - 6/26/2000*

TODD B. BAYREUTHER and
DONNA B. BAYREUTHER,

       Plaintiffs

       vs.                                              JUDGMENT

KENNETH GARDNER,

       Defendant

Jury-waived trial on count I (Negligence) and count II (Unfair and Deceptive Trade Practices)[1] of the plaintiffs' complaint was held on June 14, 2000. Prior to trial, the plaintiffs' motion to strike defendant's responses to requests for admissions was denied. The defendant's objection to the late filing of the plaintiffs' witness list was overruled. At the close of the plaintiffs' evidence, the defendant moved for a judgment as a matter of law. M.R. Civ. P. 50(d). The court recessed the trial and took the defendant's motion under advisement. For the following reasons, the defendant's motion is GRANTED.

Facts

The plaintiffs bought their property in Gorham on 12/19/94. Prior to purchasing the home, the plaintiff Todd Bayreuther made a visual inspection of the peat leach bed septic system, which had been in use at that time for approximately nine months or one year. Mr. Bayreuther saw no effluent. The plaintiffs also

---

[1] Count III (breach of contract) was withdrawn by the plaintiffs prior to trial.

asked Al Finch, who designs septic systems, to look at the septic system. He said that there did not appear to be problems with the leach field or the system. Based on that assessment, the plaintiffs decided not to do a full inspection because they did not want to incur the $350 cost. The plaintiffs installed a water treatment system after they moved into the property and before they noticed problems with the septic system.

During the summer of 1995, the plaintiffs first noticed problems with the septic system. The area around the septic system was spongy and wet. During the summer of 1996, the area became extremely wet. Effluent was seen just below the surface. An offensive odor came from the area. The plaintiffs did not repair the septic system due to a lack of funding. The plaintiffs have adjusted their living habits as a result of the septic system problems.

By the spring and summer of 1997, the septic systems problems had increased. On 5/18/98, James Jacobsen, from the Maine Land Use Regulatory Commission, observed saturated spots, evidence of previous overflow, pipes with two inches of cover at the shallowest, and the distribution box at grade. Those problems continue to today. Effluent has broken out and has washed away peat and stones. The distribution box and pipes are exposed in one area. On the day prior to trial, Todd Bayreuther used a pitchfork to inspect the septic system and found a layer of stone one foot down in one area of the system; he did not excavate the entire area. Although he did not see the system at the time of installation, Todd Bayreuther does not believe the system has changed since its installation.

2

The plaintiffs paid $119,900.00 for the property in 1994. Plaintiff Todd Bayreuther believes the value of the property today is $130,000.00 and that the property would be worth more to him if the septic system worked. He testified that prior to seeing the raw effluent from the septic system, the value of the property was $135,000.00; after seeing those problems, the value was $126,000.00.

The defendant Kenneth Gardner designed the septic system on the plaintiffs' property in 2/93 for Lance Roy prior to the plaintiffs' purchase of the property. The Town of Gorham mandated a peat system for this lot. The design and installation were done according to the plumbing code provisions in effect at the time, including the size of the stone used and the size of the leach field. Although inspections of septic systems are generally done by the plumbing inspector, the Town of Gorham requested that Mr Gardner inspect the system in 10/93 after installation; he was not requested to inspect the system during installation. Conventional septic systems are generally inspected during construction and before the backfill is put in place. A peat system has no soil backfill; the peat extends to the surface. Based on the defendant's inspection, which included measuring the leach field, evaluation of the stone used in the system, and a density test based on one sample, he approved the system.

Based on his inspection of the system on 3/3/00, Mr. Gardner determined that the system is now marginal. The failure of a peat septic system two years after installation, even with proper use by the owner, is not unusual.

3

## Statute of Limitation

The complaint in this case was filed on 6/21/99. The design of the septic system was done in 2/93. The system did not appear to have problems in 12/94 but problems developed during the summer, 1995. Assuming a six-year statue of limitation[2], as the defendant did during argument, the plaintiffs' claims regarding the design of the septic system are not barred. See 14 M.R.S.A. § 752 (1980). The cause of action accrues at the time when "a wrongful act produces an injury for which the plaintiff is entitled to seek vindication." See Myrick v. James, 444 A.2d 987, 994 (Me. 1982); see also Johnson v. Dow & Coulombe, Inc., 686 A.2d 1064, 1066 (Me. 1996); Williams v. Ford Motor Co., 342 A.2d 712, 714 (Me. 1975).

## Negligence

The plaintiffs' negligence claim is barred by the economic loss doctrine. See Oceanside at Pine Point Condominium Owners Ass'n, 659 A.2d 267, 270 (Me. 1995); see also Fireman's Fund Insurance Co. v. SEC Donohoe, Inc., 679 N.E.2d 1197, 1200-01 (Ill. 1997) (application of economic loss doctrine to services); Sensenbrenner v. Rust, Orling & Neal, Architects, Inc., 374 S.E.2d 55, 58 (Va. 1988); cf. Wendward Corp. v. Group Design, Inc., 428 A.2d 57, 59-60 (Me. 1981) (review of referee's report decided prior to Oceanside); McDonough v. Whalen, 313 N.E.2d 435, 440 (Mass. 1974).

---

[2] There is no evidence that Mr. Gardner is a licensed or registered engineer. See 14 M.R.S.A. § 752-A (1980).

4

Even if the negligence claim were not barred, the plaintiffs have not proved the elements of negligence. See Lewis v. Knowlton, 1997 ME 12, ¶7, 688 A.2d 912, 913. Based on this record, the design and installation of the septic system were done in 1993 according to the applicable plumbing code requirements. The defendant was not required to inspect the system during installation. In the absence of any expert testimony,[3] the court will not infer that the problems first noticed in 1995, two years after installation, were proximately caused by the alleged negligent design and inspection by the defendant. See Pls.' Opposition Mem. at 5.

Finally, as discussed at trial, an owner of property can testify regarding value. See Ferrell v. Cox, 617 A.2d 1003, 1007 (Me. 1992). The credibility of, and weight to be given to, that testimony is determined by the factfinder. There is no basis in this record to determine that Mr. Bayreuther is competent to testify that the decrease in value of the property was proximately caused by the septic system problems. Further, although he stated that the property value fell by $9,000.00 to $126,000.00 after the raw effluent appeared, he now values the property at $130,000.00. The court concludes that the testimony regarding damages is speculative at best.

**Unfair Trade Practices Act**

There is no evidence on this record that the defendant engaged in any unfair trade practice. See 5 M.R.S.A. § 207 (1989); Tungate v. MacLean-Stevens Studios, Inc., 1998 ME 162, ¶9, 714 A.2d 792, 797; Binette v. Dyer Library Ass'n, 688 A.2d 898,

---

[3]James Jacobsen was not designated as an expert witness. His report of his inspection of the plaintiffs' septic system and opinions based on his expertise were not admitted.

5

906. The defendant was asked by the Town of Gorham to inspect the plaintiffs' septic system after installation. It was not his obligation and he was not asked to inspect the system during construction. In the absence of expert testimony regarding design and inspection of peat septic systems and based on the fact that it is not unusual for peat systems to fail after brief periods of use, the court cannot conclude that the defendant's design and inspection of the system were unfair or deceptive or that the plaintiffs' current problems were proximately cased by the defendant's design and inspection. See 5 M.R.S.A. § 213 (1989 & Supp. 1999); VanVoorhees v. Dodge, 679 A.2d 1077, 1082 (Me. 1996).

The entry is

> The Defendant's Motion for Judgment as a Matter of Law is GRANTED. Judgment is entered in favor of the Defendant and against the Plaintiffs on the Plaintiffs' Complaint.

Date: June 21, 2000

Nancy Mills
Justice, Superior Court

6

Date Filed 06-21-99    CUMBERLAND    Docket No. CV-99-352
County

Action    CONTRACT

TODD P. BAYREUTHER and                    KENNETH GARDNER
DONNA B. BAYREUTHER

vs.

Plaintiff's Attorney                          Defendant's Attorney
   SIGMUND D. SCHUTZ, ESQ.                    JOHN C. BANNON, ESQ    773-5651
   P.O. BOX 9546                              PO BOX 9785, PORTLAND ME 04104
   PORTLAND, MAINE  04112-9546
   791-3000                                   JEFFREY THALER & TODD HOLBROOK, ESQS.   774-1200
                                              100 Middle Street
   JEFFREY EDWARDS ESQ                        Portland, Maine  04104-5029
   PO BOX 9546  PM 04112-9546

| Date of Entry | |
|---|---|
| 1999 | |
| June 22 | Received 06-22-99:<br>Complaint Summary Sheet filed.<br>Plaintiff's Complaint filed. |
| "    " | |
| June 30 | Received  6-29-99.<br>Summons filed.<br>Defendant served 6-23-99 |
| July 06 | Received 07-06-99:<br>Defendant Kenneth Gardner's Answer filed. |
| July 16 | Received 7-15-99.<br>Scheduling Order filed. (Mills, J.)<br>Scheduling Order filed. Discovery deadline is  3-1-00.<br>7-16-99 copy mailed to: Sidgmund Schutz and John Bannon, Esqs. |
| July 22 | Received 07/21/99:<br>Plaintiff's Motion to Disqualify and Incorporated Memorandum of Law with Exhibits 1 - 7 filed. |
| "    " | Plaintiff's Request for Expedited Hearing filed. |
| July 27 | On 07/25/99:<br>As to Request for Expedited Hearing;<br>Request for Expedited Hearing is DENIED.  (Mills, J.)<br>On 07/21/99 copy mailed to Sigmund Schutz and John Bannon, Esqs. |
| Aug. 12 | Received 08-12-99:<br>Defendant's Memorandum in Opposition to Motion to Disqualify Counsel filed. |
| "    " | Affidavit of John C. Bannon filed. |
| Aug. 17: | Received 8-17-99<br>Plaintiff's Reply to Opposition to Motion to Disqualify, w/attachments, filed.<br>Affidavit of Todd P. Bayreuther, filed. |