STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-66

$S \lesssim S$ -KEN- 5/24 2004

STIMSON, KELLEY & ATKINSON, INC.,

Petitioner

v.

DEPARTMENT OF PUBLIC SAFETY,

Respondent

and

RITE-AID OF MAINE, INC.,

Party-in-Interest

DECISION ON APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JUN 4 2004

This matter comes before the court on appeal from a determination of the Department of Public Safety (Liquor Licensing Division) pursuant to M.R. Civ. P. 80C, the Administrative Procedure Act and provisions of 28-A M.R.S.A. § 453-A. Finding no abuse of discretion, errors of law or findings not supported by the evidence, the petition will be denied.

**Facts**

In June of 2003, the Department of Public Safety, Liquor Licensing Division (the "Department") advertised that it would be accepting agency liquor store applications in several communities including Kennebunk. Both the petitioner and Rite-Aid, Inc. made applications for their establishments in Kennebunk. After a review by an investigator and a public hearing on August 7, 2003, the Commissioner of Public Safety awarded an agency liquor license to Rite-Aid. The petitioner filed this timely appeal alleging that the Department decision violated statutory provision, was in excess of its authority,

affected by bias, unsupported by the record, arbitrary and capricious and characterized by abuse of discretion.

## Discussion

The key to the Department's decision and the reason for the petitioner's displeasure is that there was only one license available to be awarded in Kennebunk. The controlling statute, 28-A M.R.S.A. § 453 provides: "The Bureau may license . . . up to 3 agency liquor stores in a municipality with the population of 20,000 or less where a state liquor store has been closed." It is undisputed that Kennebunk has a population of under 20,000 and that there were already two agency liquor stores licensed within the town. In other words, the Department could award only one additional license and to award more would violate the statute. The petitioner's statutory argument does not prevail.

In making its decision, the Department did not indicate that the petitioner was disqualified in any way. The Department's decision on this point was succinct.

> Although this applicant is not disqualified or otherwise unsuitable, only one license is available in Kennebunk. Of the two applicants, the Department believes that another applicant [Rite-Aid] is, by reason of structure, facilities, hours and geographical location, a better choice to serve the public in that area. Therefore it is the decision of the Department not to award an agency liquor license in the City of Kennebunk to Sam's Market.

These findings are fully supported by the evidence of record and there is no indication of any bias or arbitrary or capricious aspects of the Department's decision. Nor was the decision an abuse of discretion given the fact that there was only one license available.

In the end, although petitioner may have met criteria to obtain a license to operate an agency store, so did Rite-Aid and "[a]n administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Bd. of Exam'r of Psychologists*, 2000 ME

206, ¶ 9, 762 A.2d 551, 555 (Me. 2000). Nothing in the petitioner's brief or reply plainly compels a contrary result. *See, Maine Bankers Assn. v. Bureau,* 684 A.2d 1304 (Me. 1996).

A final note concerns the petitioner's suggestion that in addition to other objections, there might have been a "due process" violation, citing *Grendel's Den v. Goodwin,* 662 F.2d 88, 90, n.4 (1st Cir. 1980). As the party at interest correctly points out, this citation and quote is misleading when taken out of context. However, the petitioner does not strenuously argue the constitutional point and no evidence is cited to support it.

For the reasons stated above, the entry will be:

Appeal DENIED. REMANDED to the Department.

Dated: May 24, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __11/17/03__ __Kennebec__ Docket No. __AP03-66__
County

Action ___80C Appeal___ (Appealed from Augusta District Court)
AD03-299                    *J. STUDSTRUP*

Stimson Kelly & Atkinson, Inc.          vs.   Bureau of Liquor Enforcement

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Philip Mancini, Esq.<br>One Monument Way<br>Portland ME 04112 | Michelle Robert, AAG<br>6 State House Station<br>Augusta ME 04333-0006<br>– Aaron D. Julien, Esq. (Rite Aid)<br>P.O. Box 426<br>Canal Plaza<br>Portland, Maine 04112-0426 |

| Date of Entry | |
|---|---|
| 11/17/03 | Administrative case transferred from Augusta District Court. Original file received.<br>Case file notice mailed to counsel. |
| 1/27/04 | Petitioner's Brief and Certificate of Service, filed. s/P. Mancini, Esq. |
| 2/25/04 | Brief of Party-in-Interes Rite Aid of Maine, Inc., filed. s/Julian, Esq. |
| 2/25/04 | Respondent's Brief, filed. s/M. Robert, AAG |
| 3/10/04 | Petitioner's Reply Brief, filed. s/Mancini, Esq.<br>Certificate of Service, filed. s/Mancini, Esq.<br><br>Notice of setting for ___5/5/04___<br><br>sent to attorneys of record. |
| 5/5/04 | Hearing had in chambers by telelphone, Studstrup, J.<br>No courtroom clerk present. Court takes matter under advisement. |
| 5/25/04 | DECISION ON APPEAL, Studstrup, J. (dated 5/24/04)<br>Appeal DENIED. REMANDED to the Department.<br>Copies mailed to attys of record.<br>Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |