STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                            DOCKET NO. CV-04-745

KEVIN D. THURLOW, ALAN W. THURLOW,
  INDIVIDUALLY AND AS PERSONAL
  REPRESENTATIVES OF THE ESTATE OF
  DONALD A. THURLOW,
            PLAINTIFFS

                                        STATE OF MAINE
                V.                Cumberland, ss, Clerk's Office    ORDER
                                       SUPERIOR COURT

                                          JUL 11 2005

JO-ANNE CONNOLLY,
            DEFENDANT              **RECEIVED**

        This case comes before the court on Plaintiffs Kevin D. Thurlow and Alan

W. Thurlow's Motion for Summary Judgment on the counterclaims of Defendant

Jo-Anne Connolly. Plaintiffs also move to strike Defendant Jo-Anne Connolly's

additional statements of material fact.

                                **FACTS**

        Defendant Jo-Anne Connolly (Jo-Anne) and Donald A. Thurlow (Donald)

were engaged and lived together for over twenty years, but never married.

When Donald died on March 29, 2004, his two adult sons, Kevin D. Thurlow and

Alan W. Thurlow (Plaintiffs) were named personal representatives of his estate.

At the time of his death, Donald held sole title to property at 32 Pillsbury Road in

Scarborough, Maine, and another property in Pompano Beach, Florida. He also

owned a 1997 Lincoln sedan, a boat and many items of personal property.

Donald's will, executed in 1988 when Donald was married to his first wife, made

no mention of Jo-Anne. Under its terms, both Plaintiffs were beneficiaries.

On April 16, 2004, shortly after Donald's death, Plaintiffs and Jo-Anne entered into an agreement that Jo-Anne would be given, among other things, real estate, the Lincoln, and $2000 a month for the next six months. Plaintiffs tendered a check for $2000 to Jo-Anne. Jo-Anne repudiated the agreement on May 26, 2004, and did not return the $2000. On June 6, 2004, Plaintiffs demanded in writing that Jo-Anne vacate the premises at 32 Pillsbury Road, Scarborough, which Jo-Anne continued to occupy, and surrender Donald's car, boat and personal property.

The first publication to creditors of Donald's estate took place on May 9, 2004, and Jo-Anne filed timely claims against the estate on September 3, 2004. On, September 23, 2004, Plaintiffs mailed a notice to Jo-Anne, disallowing those claims. On December 16, 2004, Plaintiffs obtained a forcible entry and detainer judgment against Jo-Anne, eventually removing her from the Scarborough property and taking control of the real estate, the Lincoln, the boat, and almost all of Donald's personal possessions. On December 10, 2004, Plaintiffs brought this suit, seeking compensation for Jo-Anne's unauthorized retention and use of Donald's property and possessions (Count I) and return of the $2000 they gave her as part of their failed agreement (Count II).

On January 20, 2005, in an amended answer, Jo-Anne counterclaimed against Plaintiffs in their capacity both as estate representatives and as individuals. Jo-Anne alleged that Donald had repeatedly promised to marry her, that she and Donald lived together as if they were husband and wife for over twenty years, that she and Donald had purchased the Maine and Florida properties together, although title was kept in his name only, and that Donald

had repeatedly promised to devise the Maine and Florida properties to Jo-Anne upon his death. Jo-Anne also objected to the allowance of the 1988 will.

Jo-Anne counterclaims as follows: against Plaintiffs in their capacity as representatives of Donald's estate, Jo-Anne claims breach of contract for Donald's promises to marry her and to devise the Maine and Florida properties to her (Counterclaim Count I); promissory estoppel, following her detrimental reliance on Donald's breached promises (Count II); and, alternatively, fraud, for Donald's making false promises to marry her and devise the properties to induce her reliance (Count III). Jo-Anne also counterclaims against Plaintiffs as individuals for both tortious interference with expectancy (Count IV) and unjust enrichment, seeking a constructive trust (Count V). Jo-Anne finally counterclaims against Plaintiffs in both capacities for unlawful conversion of Donald's personal property (Count VI).

On May 4, 2005, Plaintiffs moved for summary judgment on all Jo-Anne's counterclaims, arguing that her claims against the estate are time-barred under the Probate Code, and that her claims against them individually concern estate property and are therefore time-barred by the Probate Code as well.

## DISCUSSION

On a motion for summary judgment, the court views the evidence in the light most favorable to the party against whom judgment is sought, to decide "whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Wentworth v. Sebra*, 2003 ME 97, ¶ 9, 829 A.2d 520, 524 (citing *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380). "We give the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented." *Id.* (citing

3

*Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22). If the record reveals no genuine issue of material fact, then a summary judgment is proper. *Id.* (citation omitted). When, as here, the moving party is the (counterclaim) defendant, the burden rests on the defendant to show that the evidence fails to establish a prima facie case for the elements of the cause of action. *Id.* (citing *Stewart ex rel. Stewart v. Aldrich*, 2002 ME 16, ¶ 8, 788 A.2d 603, 606).

## I. Counterclaims against Donald and Donald's estate. (Counts I, II, III and, in part, VI).

Plaintiffs argue that the undisputed facts show Jo-Anne failed to bring her claims against Donald or his estate within the statutory period prescribed for such claims in § 3-806 of the Probate Code. Jo-Anne argues that her claims do not fall within the Probate Code's definition of "claims" against an estate and so are not subject to the constraints of § 3-806. Jo-Anne also argues that statutes of limitation apply differently to counterclaims under Maine law.

### a. Time bar under § 3-806.

Under 18-A M.R.S.A. § 3-806 of the Probate Code, when a claim is made against an estate and disallowed by the personal representative, that claim is barred "unless claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than 60 days after the mailing of the notice of disallowance." 18-A M.R.S.A. § 3-806(a)(2004). The Law Court has held that the statutory requirements of § 3-806(a) are "plain, unambiguous, and mandatory." *Estate of Staples*, 672 A.2d 99, 101 (Me. 1996)(vacating Probate Court's reimbursement of expenses from the estate for failure to meet the requirements of § 3-806). Failure to comply with § 3-806(a)'s

4

requirements "bars otherwise justiciable claims" against an estate. *Estate of Sawyer*, 2000 ME 3, ¶ 3, 742 A.2d 943, 944.

Here, the undisputed facts show the Plaintiffs disallowed Jo-Anne's claims against Donald's estate on September 23, 2004. When Jo-Anne's counterclaims against Donald's estate were filed January 20, 2005, they were well outside § 3-806's 60-day period of limitation.

To be subject to the 60-day requirement of § 3-806, Jo-Anne's claims must fall within the definition of "claims" in the Probate Code:

> (4) "Claims", in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of the conservator, including funeral expenses and expenses of administration. The term does not include estate or inheritance taxes, or demands or disputes regarding title of a decedent or protected person to specific assets alleged to have been included in the estate.

18-A M.R.S.A. § 1-201(4) (2004). Thus when a brother disputed the decedent's title to property he claimed properly belonged to their real estate partnership, his claim fell outside the definition of "claims" subject to the Probate Code. *Estate of Shapiro*, 1999 ME 25, ¶ 12, 723 A.2d 886, 889. However, when a plaintiff claimed the decedent breached a promise to devise a flower business to him, the Law Court held plaintiff alleged a contract claim against the decedent, not a dispute as to decedent's title in estate property, falling squarely within the definition of § 1-201(4). *Estate of Leavitt*, 1999 ME 102, ¶ 6, 733 A.2d 348, 350.

Here Jo-Anne argues her claims are disputes as to Donald's or the estate's title to real property that she participated in acquiring. However, the express language of Jo-Anne's own pleadings assert the liability of Donald and his estate and sound in contract (Counts I and II), and tort (Counts III and VI), bringing

them squarely within the Probate Code definition of "claims" and its statute of limitations as well. Thus Jo-Anne can no longer independently assert counterclaim Counts I, II, III, and, in part, Count VI, against Donald or Donald's estate because the 60-day time restrictions of § 3-806 have passed.

### b. Statutes of limitation under 14 M.R.S.A. § 865.

Under Maine statutes, a counterclaim may be asserted outside the limitation period for limited purposes and under certain conditions. Under 14 M.R.S.A. § 865, statutes of limitations also apply "to any counterclaim by the defendant except a counterclaim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim to the extent of the demand in the plaintiff's claim." 14 M.R.S.A. § 865 (2005). The limitations on such counterclaims "shall be computed as if an action had been commenced therefor at the time the plaintiff's action was commenced." *Id.* Thus, while the defendant can assert an otherwise stale claim by counterclaim under 14 M.R.S.A. § 865 for recoupment purposes, "there can be no affirmative recovery by the defendant if it is ultimately found that the defendant is not liable to the plaintiff." 1 Field, McKusick & Wroth, *Maine Civil Practice*, § 13.8 at 124 (Supp. 1981)(citation omitted). Here, Plaintiffs seek to recover damages, including the value of Jo-Anne's use and occupancy of estate property, as well as punitive damages. If 14 M.R.S.A. § 865 applies, Jo-Anne's counterclaims asserting she has a right, title or interest in that estate property could be allowed for the limited purpose of reducing Plaintiffs' recovery.

However, 14 M.R.S.A. § 865 cannot be extended to limitations included in the Probate Code, and is instead, by its express terms, confined to the limitations periods found in Title 14, Chapter 205, Limitation of Actions. Section 865

6

appears in Title 14, chapter 205, and is said to apply to "all the provisions hereof respecting limitations." 14 M.R.S.A. § 865. The Law Court has held that "by its own terms, section 865 *only applies* to 'all the provisions hereof respecting limitations,' meaning all provisions respecting limitations contained in chapter 205 of Title 14 of the Maine Revised Statutes and does not govern a federal statute of limitations on a cause of action arising under a federal statute." *C.N. Brown Co. v. Gillen*, 569 A.2d 1206, 1212 (Me. 1990)(emphasis added). Thus, 14 M.R.S.A. § 865 applies only to the provisions in chapter 205 of Title 14 and does not govern limitation periods arising under the Probate Code.

## II. Counterclaims against Kevin D. Thurlow and Alan W. Thurlow as individuals. (Counts IV, V and, in part, Count VI.)

Plaintiffs argue that Jo-Anne is barred from asserting counterclaims against them as individuals to the extent that her counterclaims allege an interest in property of the estate. Because claims asserting the liability of the estate or the decedent are time-barred under § 3-806 of the Probate Code, Plaintiffs maintain they are entitled to judgment as a matter of law. Jo-Anne argues that her tort actions against Plaintiffs as individuals are not subject to the limitations imposed by the Probate Code on claims against a decedent or estate, and that summary judgment is not appropriate.

### a. Tortious interference with expectancy. Count IV.

A claim of tortious interference with an expectancy under a will is a tort claim brought against the alleged interferers. *See, e.g., Burdzel v. Sobus*, 2000 ME 84, ¶ 9, 750 A.2d 573, 576; *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995); *DesMarais v. Desjardins*, 664 A.2d 840, 841 (Me. 1995); *Cyr v. Cote*, 396 A.2d 1013, 1018 (Me. 1979); *Harmon v. Harmon*, 404 A.2d 1020 (Me. 1979). The statute of

7

limitations for a claim of tortious interference is six years after the cause of action accrues. 14 M.R.S.A. § 752. *See also Burdzel v. Sobus*, 2000 ME 84, 750 A.2d 573. A cause of action accrues when plaintiff sustains the alleged harm to a protected interest. *Johnston v. Dow & Coulombe, Inc.*, 686 A.2d 1064 (Me. 1996). The traditional remedy for tortious interference is damages, measured in terms of what the plaintiff would have realized but for the interference. *Harmon v. Harmon*, 404 A.2d 1020 (Me. 1979).

Here Jo-Anne's counterclaim Count IV for tortious interference is brought against the individual Plaintiffs. Count IV does not assert liability of the estate or Donald, the decedent, and is therefore not a "claim" pursuant to 18-A M.R.S.A. § 1-201(4) of the Probate Code, subject to the 60-day statute of limitations on estate claims pursuant to 18-A M.R.S.A. § 3-806. Plaintiffs' Motion for Summary Judgment on Count IV on that basis is therefore denied.

### b. Constructive Trust. Count V.

In a claim for unjust enrichment, a claimant must establish that: (1) she conferred a benefit on the other party; (2) the other party had appreciation or knowledge of the benefit; and (3) the acceptance or retention of the benefit was under such circumstances as to make it inequitable for them to retain the benefit without payment of its value. *Forrest Assocs. v. Passamaquoddy Tribe*, 2000 ME 195, ¶ 14, 760 A.2d 1041, 1045-46.

The statute of limitations on claims for unjust enrichment is six years from the time the cause of action accrues. *Maine Mun. Employees Health Trust v. Maloney*, 2004 ME 51, ¶ 9, 846 A.2d 336, 339 (citing 14 M.R.S.A. § 752).

8

A constructive trust is an equitable remedy imposed by the court to prevent unjust enrichment when persons who have acquired title to property would unfairly benefit by retaining that property. Horton & McGehee, *Maine Civil Remedies*, § 9.1 at 205 (4th ed. 2004); *Estate of Campbell*, 1997 ME 212, ¶ 5, 704 A.2d 329, 330-31. As Judge Cardozo stated, "When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." *Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378 (N.Y. 1919).

A plaintiff seeking the remedy of constructive trust must prove the defendants acquired title to property by "fraud, abuse of confidential relations, oppression or mistake." *Chandler v. Dubey*, 325 A.2d 6, 8 (Me. 1974)(quoting *Sacre v. Sacre*, 55 A.2d 592, 600 (Me. 1947)). The Law Court noted "stated in broader language: '[a] constructive trust will be imposed by the Courts in order to do equity and prevent unjust enrichment when title to property is acquired by fraud, duress, undue influence or is acquired or retained in violation of a fiduciary duty.'" *Id.* (citation omitted). *See also, Estate of Campbell*, 1997 ME 212, ¶ 5, 704 A.2d 329, 330-31).

Here, Jo-Anne's claim of unjust enrichment, requesting a constructive trust, concerns property formerly in Donald's estate to which Plaintiffs now have legal title as beneficiaries under the terms of Donald's will. However, Jo-Anne's Count V claim is brought against the Plaintiffs as individuals holding title to that property which she alleges they have retained through "fraud, abuse of confidential relations, oppression or mistake." *Chandler v. Dubey*, 325 A.2d 6, 8 (Me. 1974). In this case, Jo-Anne pleads that Plaintiffs knew they were expected and obliged to convey real property to Jo-Anne after Donald's death, and failed

9

to do so. Jo-Anne's Count V is not brought against Donald's estate, nor does it assert the liability of that estate or Donald, the decedent, and so does not meet the definition of "claims" under the Probate Code. Count V is therefore not subject to the 60-day statute of limitations on estate claims pursuant to 18-A M.R.S.A. § 3-806. Plaintiffs' Motion for Summary Judgment on Count V on that basis is, therefore, denied.

### c. Conversion. Count VI.

A claim for conversion asserts a right to ownership or possession of property and a taking of that property by a wrongful act of the defendant. Horton & McGehee, *Maine Civil Remedies*, § 18-3 at 356-57 (4th ed. 2004). The elements of the claim, as defined by the Law Court are "(1) a showing that the person claiming that his property was converted has a property interest in the property; (2) that he had the right to possession at the time of the alleged conversion; and (3) that the party with the right to possession made a demand for its return that was denied by the holder."[1] *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. Although a plaintiff must assert some property interest in an action for conversion, a claim of absolute title to the property is not required. Horton & McGehee, *Maine Civil Remedies*, § 18-3 at 356 (citing cases). If the plaintiff was, at the time of the alleged conversion, in actual possession of the personal property, she is entitled to a presumption of title and may maintain an action against anyone who dispossesses her of it. *Carey v. Cyr*, 113 A.2d 614 (Me. 1955). Seizing property or misusing legal procedures to take possession of it may

---

[1] Such a demand may not be required when the defendant has taken possession wrongfully or demand would be futile. *See, e.g., Bradford v. Dumond*, 675 A.2d 957, 962 (Me. 1996); *Ocean Nat'l Bank of Kennebunk v. Diment*, 462 A.2d 35, 339-40 (Me. 1983).

constitute conversion. Simmons, Zillman & Gregory, *Maine Tort Law* § 6.04 at 6-8-6-10 (2004 ed.) The statute of limitations on claims of conversion is six years from when the cause of action accrues. *Townsend v. Appel*, 446 A.2d 1132, 1132 (Me. 1982)(son's suit for conversion against executrix of father's estate barred by 6-year statute of limitations under 14 M.R.S.A. § 752).

Here, as in Count V, Jo-Anne's claim may include property formerly in Donald's estate. However, in part, the claim is brought against Plaintiffs as individuals who came into the possession and control of property formerly in Jo-Anne's possession, following Plaintiffs' removal of Jo-Anne from the premises at 32 Pillsbury Road.

To the extent Jo-Anne's counterclaim for conversion in Count VI is not a claim against Donald's estate or Donald, but a claim for damages against individual Plaintiffs in control and possession of personal property, it is does not meet the Probate Code's definition of "claims" barred by the 60-day statute of limitations on estate claims pursuant to 18-A M.R.S.A. § 3-806 of the Probate Code. Plaintiffs' Motion for Summary Judgment on Count VI against Plaintiffs as individuals on that basis is therefore, denied.

### III. Plaintiffs' Motions to Strike.

Plaintiffs move to strike all 22 of Jo-Anne's Additional Statements of Material Fact on the grounds that the statements include inadmissible evidence of remarks of the decedent, are not material to the issues on summary judgment, or are not supported by written documentation. Because none of the objected-to statements form the basis for this decision regarding statutory definitions and limitations, the Court does not reach Plaintiffs' Motions to Strike.

11

**On Counts I, II, III and, in part, Count VI.** Summary judgment is hereby **GRANTED** to Plaintiffs on Counts I, II, and III of Jo-Anne's counterclaims against Plaintiffs in their capacity as personal representatives of Donald's estate as time-barred pursuant to 18-A M.R.S.A. § 3-806. Summary judgment is also hereby **GRANTED** to Plaintiffs on the part of Count VI asserted against Plaintiffs in their capacity as representatives of Donald's estate.

**On Counts IV, V, and, in part, Count VI.** Because Jo-Anne's counterclaim Counts IV, V, and, in part, VI, are raised against individual Plaintiffs and not against Donald or his estate, they are not time barred by the 60-day provision of 18-A M.R.S.A. § 3-806, and Plaintiffs' Motion for Summary Judgment on Counts IV, V, and VI (against individual Plaintiffs), is hereby **DENIED**.

Date July 11, 2005

Robert E. Crowley
Justice, Superior Court

12

JAMES BEALLEAU ESQ
PO BOX 3200
AUBURN ME 04212

EDWARD MACCOLL ESQ
BRADFORD BOWMAN ESQ
PO BOX 447
PORTLAND ME 04112